**CONLEY v. ST. JACQUES et al.**

No. 4921.

Court of Civil Appeals of Texas.
Amarillo.

Nov. 1, 1937.

Rehearing Denied Dec. 13, 1937.

Chas. Doyle, of Kansas City, Mo., and Clifford Braly, of Pampa, for appellant.

Roy Sansig, of Higgins, for appellees.

STOKES, Justice.

On the 5th of April, 1937, in the district court of Lipscomb county, in a suit filed by Frank E. St. Jacques, Jr., against his wife, Chloe Rita St. Jacques, a divorce was granted to her upon her cross-action, and the custody of their daughter, 2½ years of age, was decreed to its father, Frank E. St. Jacques, Jr., for the first six months of each year, and to the mother for the remaining six months, until the child should arrive at school age, after which the custody should remain in the father for nine

months, or during the school period. It was further decreed that the child should not be removed from the State of Texas during her minority except for temporary visits or unless necessity required such removal. Within a short time after the decree of divorce was entered, the mother married Albert Conley, a resident of the State of Arkansas, and on the 9th of July, 1937, she filed in the district court of Gray county her application for a writ of habeas corpus against F. E. St. Jacques, Sr., and his wife, who were father and mother of Frank E. St. Jacques, Jr. The record shows that after the court had decreed to him the custody of the child, Frank E. St. Jacques, Jr., placed it in the home of the respondents, Mr. and Mrs. F. E. St. Jacques, and procured for himself employment on the high seas, where he has since remained. There is no contention that the home of F. E. St. Jacques and his wife is not a proper place for the child to live, nor that they are not, in all respects, suitable and proper persons to have the care and custody of the child. On the other hand, the record shows they are highly suitable and in every respect able and capable of furnishing a proper home and of assuming the responsibilities of its care, rearing, and education.

Appellant alleged that on the 1st of July, 1937, when she was entitled to the custody of the child under the divorce decree, she was prevented by force from obtaining such custody, and she prayed for an order, directing F. E. St. Jacques and his wife to produce the child in court and that she have such relief as she may be entitled to under the law and facts.

In their answer to the writ, F. E. St. Jacques and his wife alleged that they had not delivered the child to appellant because it would not be for the best interest of the child. They alleged the remarriage of appellant, her residence in the State of Arkansas, and that if she were given the custody of the child she would immediately remove it to the State of Arkansas where she was living with her second husband, and would permanently retain its custody and possession in that state. Further allegations set up unfitness of appellant to have the custody of her infant daughter, and upon a hearing held on the 9th of July, 1937, the court modified that portion of its divorce decree entered April 5, 1937, pertaining to the custody of the child, so as to provide that during the periods of six months each year until the child became of school age, and three months each year thereafter in which appellant was entitled to the custody of the child under the divorce decree, such custody should be placed in appellant's parents, Mr. and Mrs. George Gilkerson, and then only in the event and for such portion of the time as appellant was visiting in Lipscomb county, their custody being confined to the duration of such visits. It was further decreed that F. E. St. Jacques and his wife and Frank E. St. Jacques, Jr., should jointly have the custody and possession of the child at all other times.

Appellant duly excepted to the modification of the original judgment and has appealed the case to this court. The case is submitted upon a number of assignments of error, the first of which complains of the action of the trial court in overruling her objection to certain testimony concerning her conduct prior to the date the divorce decree was entered in Lipscomb county. The general rule is that the character and status of the mother or father as a proper person to have the custody of minor children is fixed by the divorce decree and original award of such custody. Such judgment is res judicata of all matters pertaining to the character of the person awarded such custody and questions pertaining to his suitability as such custodian. Proceedings subsequent to the original award having for their purpose its modification and the changing of the custody of such children are, as a rule, confined to the conduct of, and other matters pertaining to such custodian as occur after the final judgment of divorce and order awarding the custody of children has been entered. However, such decree does not bar subsequent proceedings for its modification and, while testimony of the conduct of the custodian prior to the original decree is not admissible as original evidence, yet it may be received in corroboration of evidence of subsequent conduct. At the time the testimony was admitted in the trial of this case, the court could not have known whether other evidence would be introduced tending to show subsequent immoral or unapproved conduct on the part of appellant or not, and inasmuch as the trial was before the court without a jury it must be presumed, in the absence of a showing to the contrary, that the evidence complained of was considered by the court, if at all, only for the purposes for which the law sanctions its admission. There is in the record no showing that im-

proper consideration was given such testimony by the court or that he considered it at all. Appellant's first assignment of error is overruled. Vickers v. Faubion (Tex.Civ.App.) 224 S.W. 803.

The second assignment and proposition are based upon appellant's objection to the introduction in evidence of two letters which she had written to her then husband, Frank E. St. Jacques, Jr., prior to the divorce decree, in which references were made to certain acts on her part which appellees claimed constituted misconduct. The assignment is based upon the proposition that such letters were privileged as being confidential communications between husband and wife during their coverture. We do not think the letters were inadmissible upon such ground. Article 4633, R.C.S., provides that: "In all such suits and proceedings the husband and wife shall be competent witnesses for and against each other." That article is a portion of our general divorce statutes, and proceedings involving the custody of children of divorced parents, such as this, are such proceedings as are contemplated by its provisions. In such proceedings the same rules of evidence prevail as apply to divorce proceedings. It is well settled that in divorce cases the statute does not prohibit privileged communications between husband and wife. Fasken v. Fasken, 113 Tex. 464, 260 S.W. 701; Fasken v. Fasken (Tex. Civ.App.) 260 S.W. 698.

Furthermore, in proceedings involving the custody of children, such as this, the trial court has very broad discretion. The paramount and controlling factor in such proceedings is the welfare of the child or children involved, and it is not only the right but the duty of the court without contravening established rules of evidence to inquire into all matters that would throw light upon the fitness of the person who seeks such custody and the environments into which the child or children would be thrown by the court's order. Moore v. Moore (Tex.Civ.App.) 213 S.W. 949.

Under her third assignment, appellant contends that, since there is no proper showing of changed conditions since the date of the original decree of divorce extending to her the custody of the child for half of the time, in reference to her fitness to have such custody, the trial court committed reversible error in modifying the former decree and depriving appellant of at least a portion of the custody decreed to her by the original decree of divorce. It is true the original decree of divorce wherein the custody of the infant daughter was fixed and in which appellant had been granted her custody for half of the time, adjudicated all matters between the parties up to that time and would be res judicata of all matters and things that happened prior thereto in the absence of some well-known exceptions, none of which we conceive to prevail here. In the original decree, however, it was provided that the child should not be removed from the State of Texas during her minority except for temporary visits or where necessity required. That provision is evidence that the trial judge, when the divorce was granted, for reasons which we will presume to be sufficient, was of the opinion it would not be for the best interest of the child to permit its removal from the State of Texas. It was shown upon the hearing involved in this appeal that appellant had remarried and that she and her husband were then living in the State of Arkansas. We think the record warrants the conclusion that if custody of the child had been granted to her for any length of time, it was her desire, purpose, and intention to remove it from the State of Texas and take it with her to the place of their residence in Arkansas. In fact, she informed the trial court that such was her desire. To this extent, at least, conditions had changed since the original decree was entered, and granting that the record does not show any other changes in the status and condition of the parties, we think this alone was a sufficient change to warrant the court in modifying the judgment and changing the custody of the child in the manner in which he did. The court unquestionably had jurisdiction and power to grant to appellant the custody of her infant daughter, although she lived in another state and contemplated removing the child to the place of her residence, but, ordinarily, courts do not award custody of minor children to one who lives outside of or is contemplating immediate removal from the state in whose courts the custody has been determined. To say the least, the record in this case does not warrant the conclusion that the trial court abused his discretion in declining to award the custody of the child to appellant in view of her nonresidence and contemplated removal of the child from the local jurisdiction, and its judgment should not be disturbed unless it

is plainly shown the discretion resting in the trial court in such matters was abused. Dickson v. McLaughlan (Tex.Civ.App.) 69 S.W.2d 209; Turk v. McLure (Tex.Civ. App.) 63 S.W.2d 1049.

 The fourth assignment of error complains of the action of the trial court in granting the custody of the child to Mr. and Mrs. F. E. St. Jacques, Sr., because, she says, those parties did not, in their pleadings, pray for such custody. The decree places the custody of the child in Mr. and Mrs. F. E. St. Jacques, Sr., and Frank E. St. Jacques, Jr., at all times except during periods when appellant is visiting in Lipscomb county, and during those times the custody is awarded to Mr. and Mrs. George Gilkerson, parents of appellant. F. E. St. Jacques and his wife, in their answer and return to the writ of habeas corpus, prayed that the custody of the child be placed in them until the next term of the district court of Lipscomb county, and the pleading of Frank E. St. Jacques, Jr., prayed that the custody be given to him, with the agreement and understanding that the child should be placed in the care of F. E. St. Jacques and his wife, and that they retain the care and custody of the child permanently. It was shown that F. E. St. Jacques and his wife were present in court and that the child had lived with them since the divorce decree. There is no suggestion in the record that these parties did not want the child, but rather it is conclusive that they did. It has many times been held that technical rules of practice and pleading are of little importance in determining issues concerning the custody of children. It is not only the right but the duty of the trial court to ascertain any and all facts, and make such investigations as, in his judgment, will assist him in reaching a proper conclusion as to the problems surrounding their custody to the end that he may determine the person who is best qualified and most suitable to furnish the proper environments and home in which they are to live. In the absence of a showing to the contrary, we must presume that the trial court availed himself of these liberal rules, as he had the right to do, and this assignment will be overruled. Williams v. Guynes (Tex.Civ.App.) 97 S.W.2d 988; Wilson v. Wilson (Tex.Civ.App.) 88 S.W.2d 1086.

Under the sixth assignment appellant raises the question of the jurisdiction of the court to modify the decree entered by the district court of Lipscomb county when the divorce was granted. The instant proceeding was had in the district court of Gray county. After the hearing, the record shows that upon the application of appellant the court entered an order directing that the papers then on file in Lipscomb county be transferred to and filed in the district court of Gray county. There was no plea in abatement filed in this case based upon the allegation that the same cause of action was pending in the district court of Lipscomb county and, in the absence of such plea, we are not called upon to decide that question. Ex parte Garcia (Tex.Civ.App.) 187 S.W. 410.

What we have said disposes of all of the assignments of error and propositions presented by appellant, and finding no reversible error in any of them, the judgment of the trial court is affirmed.