### OLDS v. BURTON et al.

#### No. 2448.

Court of Civil Appeals of Texas. Eastland.

May 5, 1944.

Rehearing Denied June 2, 1944.

S. M. Adams, of Nacogdoches, for appellant.

McAlister & Tucker, of Nacogdoches, for appellees.

GRISSOM, Justice.

In June, 1943, Bobbie Olds obtained a divorce from her husband, Troy Olds. In the divorce case she was awarded custody of their six year old son, except from the 10th of June to the 31st of August of each year, during which time the father was to have custody of the boy. Thereafter, Mrs. Olds married Ted Burton and is now a resident of California The custody of the child was so awarded, with the consent of Troy Olds. Troy Olds had agreed in writing that his wife might have custody of their son "in whatever place she may reside in the United States." On the 30th of August, 1943, one day prior to the time when, under the judgment in the divorce case, he was required to deliver his son to Mrs. Burton, Troy Olds instituted a proceeding to readjudicate the custody of the child, alleging a change in conditions since the former judgment materially affecting the welfare of the child. Upon the trial the court refused to change the former order. Troy Olds has appealed.

But one question is presented on this appeal. Appellant contends that the court erred in sustaining objections to testimony offered by him tending to show that his former wife was cruel to the child and guilty of misconduct prior to the rendition of the judgment in the divorce case, which conduct he alleges was unknown to him at that time. The law seems to be definitely settled in Texas that under such circumstances proof of misconduct prior to the rendition of the original judgment is not ordinarily admissible in a subsequent proceeding of this nature. Wilson v. Elliott, 96 Tex. 472, 73 S.W. 946, 97 Am.St. Rep. 928, and Wilson v. Elliott, 96 Tex. 472, 75 S.W. 368, 97 Am.St.Rep. 928. See also Lakey v. McCarroll, 134 Tex. 191, 199, 134 S.W.2d 1016; Evans v. Taylor, Tex.Civ. App., 128 S.W.2d 77, 79; Goldsmith v. Salkey, 131 Tex. 139, 145, 112 S.W.2d 165, 116 A.L.R. 1293; Conley v. St. Jacques, Tex. Civ.App., 110 S.W.2d 1238, 1241; Brillhart v. Brillhart, Tex.Civ.App., 176 S.W.2d 229; and 15 Tex.Jur. 682. There is an exception to this rule. Evidence of misconduct prior to the original decree is admissible for the purpose of corroborating testimony of subsequent similar misconduct. The exception is inapplicable here. There is no evidence of such subsequent misconduct. The trial court did not err in refusing to admit the proffered testimony. The judgment is affirmed.