Cecil Storey and D. S. Meredith, Jr., both of Longview, for appellant.

M. Neal Smith and John Porter, both of Longview, for appellee.

HARVEY, Justice.

Emma Pennington filed suit in Gregg County against her husband for a decree of divorce, custody of three minor children, and a division of community property. The defendant filed a cross-action and prayed for similar relief. The fitness of the respective parties for custody of the children was submitted to a jury, who found that both parties to the suit were fit and proper persons for such custody. The other issues relating to divorce and division of the community estate were submitted to the court. The court awarded the plaintiff a divorce and custody of the children for eleven months during each year. Appellant (defendant below) has appealed from that part of the judgment granting a divorce and custody of the children to appellee.

On December 31, 1943, the appellant herein, Howard Pennington, was granted a divorce from Emma Pennington upon the ground of cruel treatment; thereafter, on August 5, 1944, these parties re-married. About one year later, in July 1945, Emma Pennington filed suit against Howard Pennington for divorce upon the ground of cruel treatment, in which suit the defendant filed a cross-action for a divorce alleging

## PENNINGTON v. PENNINGTON.
### No. 6219.

Court of Civil Appeals of Texas. Texarkana.
May 2, 1946.

cruel treatment and praying for the custody of the minor children. Upon his plea of cruel treatment toward him on the part of his wife, the defendant alleged that while he was ill and confined to his home, his wife, prior to the divorce decree entered in December, 1943, would leave home and remain for intervals, returning sometimes after dark; that she consorted with other men; used opprobrious names toward him, and so on. Pleading further, he alleged that upon her promise to refrain from doing the things complained of, for the sake of his children he re-married her; that during the period between the time that the divorce was granted him in 1943 and his re-marriage to plaintiff in 1944, she was guilty of certain acts of adultery and cruel treatment. The court sustained an exception to allegations of misconduct on the part of the plaintiff prior to the divorce granted in 1943, and also sustained objections to the admission of such evidence. Testimony relating to her misconduct subsequent to the 1943 divorce and prior to the second marriage in August, 1944, was admitted by the court as bearing solely upon her fitness for the custody of the children. With respect to plaintiff's suitability to be awarded the custody of the children, defendant in his cross-action alleged that between the time of the 1943 divorce and the re-marriage of the parties thereto in 1944, she was guilty of adultery, cruelty, and conduct of such a nature as to render her unworthy to be awarded the custody of the children. An exception to these allegations was also sustained but evidence pertaining thereto was admitted, as above stated, and limited to the issue of custody.

▇ The rule is that proof of misconduct of either party prior to the rendition of the decree of divorce is not admissible in a subsequent proceeding brought either for a change of custody of children or for a divorce from a remarriage of the parties to the first divorce proceeding. The rule of res judicata applies in such cases. A recognized exception to this rule exists where prior acts of misconduct are offered in evidence to corroborate similar acts in a proceeding subsequent to the original decree. See the case of Olds v. Burton, Tex.Civ. App., 181 S.W.2d 118, 119, and authorities therein cited, from which authority we quote briefly:

"The law seems to be definitely settled in Texas that under such circumstances proof of misconduct prior to the rendition of the original judgment is not ordinarily admissible in a subsequent proceeding of this nature. * * * There is an exception to this rule. Evidence of misconduct prior to the original decree is admissible for the purpose of corroborating testimony of subsequent similar misconduct."

The case of Wilson v. Elliott, 96 Tex. 472, 73 S.W. 946, 947, 97 Am.St.Rep. 928, enunciates the same principle. An excerpt from the opinion in that case, written by Judge Gaines, on certified question to the Supreme Court of Texas, is as follows:

"As just intimated, we think, however, where testimony upon the second trial tends to show conduct on part of the one to whom the custody has been previously committed, and that he or she, since the first, has become a person not suitable for so important a charge, the rule of res adjudicata would not preclude the introduction of evidence of conduct previous to the first decree, provided it tended to corroborate the evidence of subsequent conduct of a like nature. For example, upon the second trial evidence might be introduced tending to show that the party had, since the first, become a spendthrift, has wasted his subsistence, and was incapable of maintaining and educating the child as it should be maintained and educated. In such a case we see no reason why improvident conduct previous to the first decree may not be offered in evidence. Or if, upon the second trial evidence be introduced tending to show that since the first the party has become an habitual drunkard, we think it might be shown in corroboration that previous to the first trial he was accustomed to use intoxicating liquors to excess."

▇ Both of the stricken parts of the defendant's pleadings were proper and evidence thereunder was admissible on the issue of divorce as prayed for by the defendant in his cross-action as well as on the issue of the proper custody of the children. Condonation of misconduct, of course, will defeat an action for divorce; however,

where a divorce has been granted upon remarriage a repetition of the acts forgiven will act as a revivor of them and evidence of the former acts of misconduct becomes admissible in corroboration of a similar course of conduct alleged as a basis for relief in the subsequent suit.

By reason of the error in sustaining the exceptions to the pleadings in question, as well as in excluding evidence of misconduct preceding the divorce decree of December 31, 1943, the judgment herein is reversed and the case remanded for a new trial.