### CHAPMAN et ux. v. HARRIS et al.
#### No. 6500.

Court of Civil Appeals of Texas.
Texarkana.

March 30, 1950.

Saunders & Thurmond, Tyler, for appellants.

Beard & Flock, Tyler, Whit Owen, Tyler, for appellees.

HALL, Chief Justice.

Appellant Cecil F. Chapman, joined by his present wife, Bonita Chapman, brought this suit for the custody and possession of his minor son from appellees, alleging that the death of his former wife, who had legal custody of said child under a divorce decree between said parties, caused a change of condition necessitating a new award of custody.

Appellee Lloyd Harris, surviving husband of Francine Harris, deceased, mother of said minor, and Guy Green and wife, Jewell Green, maternal grandparents of said child, answered, alleging an agreement on the part of appellant never to attempt to take said child from the custody of the deceased wife, because of a threatened bigamy prosecution of appellant Cecil Chapman. Appellees alleged further that appellant was not a proper person to have the custody of said child, but that the maternal grandparents were proper persons, and requested the court to award custody to them. Trial was before the court and judgment was entered awarding the custody of the child to the maternal grandparents, appellees.

By point one appellants assert that the trial court erred in refusing to strike certain portions of appellees' amended answer and in allowing them to prove misconduct of appellant prior to the adjudication of the divorce between him and his deceased wife. This point presents a correct proposition of law under the rule of res adjudicata, but it has a well recognized exception, Pennington v. Pennington, Tex.Civ. App., 195 S.W.2d 677, 678, "where prior acts of misconduct are offered in evidence to corroborate similar acts in a proceeding subsequent to the original decree" and especially is this true where the custody of a minor is involved. It may be true that the allegations in paragraph one of appellees' amended answer with respect to the grounds alleged by Francine (now deceased) in her suit for divorce against Cecil in 1943, are vulnerable to the exception leveled at them by appellants, but the concluding portion of paragraph one "that in said decree of divorce said Cecil F. Chapman was ordered to pay into the registry of said court the sum of $10.00 per month toward the support of said child; that with the exception of the first two payments he has failed and refused to comply with the order and decree of the court and is in arrears in the sum of $700.00, approximately; is proper as bearing upon the conduct of Cecil toward, and his affection for his minor child, subsequent to the entry of the divorce decree. We think the allegations in the second paragraph of appellees' amended answer are proper as setting out their defense to appellants' cause of action, namely, that Cecil voluntarily gave the custody of the minor to Francine and her mother and father, appellees here. Moreover, it is a well recognized rule of procedure in this state that pleadings are of little importance in child custody cases, and that trial courts' efforts to exercise broad, equitable powers in determining what will be best for the future welfare of a minor should be unhampered by technical rules. Murphey v. Walker, Tex.Civ.App., 209 S.W.2d 371; Williams v. Perry, Tex.Com.App., 58 S.W.2d 31; Tunnell v. Reeves, Tex.Com.App., 35 S.W.2d 707.

We are not favored with a statement of facts in this case and must rely solely on the findings of fact made by the trial court. The trial court's findings "from all the facts and circumstances" are that Cecil is not a proper person to have and rear the minor. The court also finds that the maternal grandparents, Guy Green and wife, Jewell Green, are suitable persons to have the custody of the minor and that his best interests will be subserved "by giving his care and custody to Guy Green and wife, Jewell Green." Absent a statement of facts, we must presume that there was evidence in the record sufficient to warrant the findings of the trial court.

The trial court found further that in the divorce between Cecil and Francine, Cecil agreed with Francine and her parents, Mr. and Mrs. Green, that they could have the custody of the minor and "that he would never bother them about the custody of the

child." The trial court found that the home of appellees Mr. and Mrs. Green, the minor's maternal grandparents, was a suitable place in which to rear said minor, and that it was to the best interest of the minor that he remain with his grandparents. The court further found that the minor, a boy ten years of age, testified that he wanted to remain with his grandparents; "that the reason he did not want to live with his father was that his father had been mean to his mother." In this connection the trial court found that the minor "is old enough and intelligent enough to know and understand the facts about the separation of his parents, and it is quite reasonable that he have that feeling toward his father and with his knowledge of the facts and at his age and intelligence, if he were to be compelled to go and live with his father and Bonita (Cecil's present wife), his feelings would most probably be more confirmed, rather than be removed, which would be materially detrimental to the child's welfare."

The trial court concluded as a matter of law that the custody of the minor should be given to Mr. and Mrs. Green, his grandparents, rather than to Cecil Chapman, his natural father, for two reasons: First, under the agreement of the father not to interfere with the custody of the minor; and second, on the basis of the best interest of the minor.

The findings of the trial court set out above are sufficient to support the judgment rendered · by him on both grounds shown in his conclusions of law. Amos v. Sengleman, Tex.Civ.App., 183 S.W.2d 1008 (writ refused, want of merit); Legate v. Legate, 87 Tex. 248, 28 S.W. 281; Dunn v. Jackson, Tex.Com.App., 231 S.W. 351; Lynch v. Wyatt, Tex.Civ.App., 191 S.W.2d 499; Hilliard v. Watson, Tex.Civ.App., 170 S.W.2d 310 (writ refused).

Cases of this character present difficult issues of fact to be determined by the trier of the facts, in this case the district judge. The court below had the parties and witnesses before him. He could and no doubt did note their demeanor and many other details which cannot be presented to this court by the record. He was in much better position to reach an equitable conclusion respecting the facts before him than we are. As heretofore stated, he was acting in the broad capacity of a chancellor and we cannot say under this record that the conclusions reached by him are incorrect. Our conclusions expressed above dispose of all issues presented on this appeal.

The judgment of the trial court is affirmed.