**Dorothy J. OTTO, Appellant,**

v.

**Morris D. OTTO, Appellee.**

**No. 14743.**

Court of Civil Appeals of Texas.

San Antonio.

Feb. 26, 1969.

Goodstein & Semaan, Gary D. Howard, San Antonio, for appellant.

John W. Benbow, Benbow & Gross, San Antonio, for appellee.

KLINGEMAN, Justice.

Child custody case. Appellee, Morris D. Otto, a resident of Alexandria, Virginia, sued appellant, Dorothy J. Otto, a resident of Guadalupe County, Texas, for change of custody of their three minor children, Alvin Otto, Gary Otto and Stuart Otto. Trial was to a jury and, based upon the jury's findings, judgment was entered changing the care, custody and control of the three minor children from appellant to appellee.

A decree of divorce a vinculo matrimonii dissolving the marriage between appellant and appellee was entered in the Circuit Court of Fairfax County, Virginia on the 20th day of May, 1966. Prior to such final divorce decree, the court in October, 1964, entered its order in said cause awarding custody of the three minor children to appellant for the school year, and to appellee for the Christmas school holidays and during the summer months. Appellee subsequently filed a petition in that court to revise and alter such custody decree, and under date of November 18, 1965, said court denied appellee's petition and affirmed the prior custody decree.

In the case before us, the jury in answer to the only special issue submitted found that conditions with respect to the custody of the children, Alvin Otto, Gary Otto and Stuart Otto, had materially changed since the date of judgment, November 18, 1965, so that the best interest and welfare of said children required a change of custody.

Appellant does not attack such judgment on the basis that there is no evidence, or insufficient evidence to support the jury's finding, or that such finding is against the great weight and preponderance of the evidence, but asserts that the trial court committed reversible error in excluding certain testimony, and in admitting certain other testimony.

By her first point of error, appellant asserts that the trial court erred in refusing to allow Alvin Otto and Gary Otto to testify as witnesses for the appellant.

Appellant maintains that when children of competent qualification, under rules of evidence are called to testify in a child custody case, the trial court does not have within its discretion the right to refuse to permit children to testify, and cites in support thereof Cline v. May, 287 S.W.2d 226 (Tex.Civ.App.—Amarillo 1956, no writ), and Callicott v. Callicott, 364 S.W.2d 455 (Tex.Civ.App.—Houston 1963, writ ref'd). In Cline the Court held that the trial court erred in refusing to permit two children to testify but held it to be harmless error. In Callicott, the Court held that the refusal to grant the father's request that an eight-year-old boy, who was the subject of a custody suit, be examined either in open court or in chambers was improper, and reversed and remanded the judgment of the trial court changing custody of the child from the father to the mother. In such case the trial court did not permit an examination of the child, either in open court or in chambers, and did not talk to the boy. The appellate court also held that the court erred in depriving appellant of the right to properly prepare a bill of exceptions showing in the court's presence the boy's qualifications to testify and what he would have testified to.

During the course of this trial appellant's attorney indicated to the court that

he desired to call Alvin Otto, age 13, and Gary Otto, age 10, to testify. At such time, the court stated that before permitting any such testimony, he desired to talk to the children, to which no objection was made by either appellant or appellee, nor was any request made by either party to participate in such conference. The court thereafter stated, for the record, that he had a conference with the children and they stated that they did not wish to participate in the lawsuit for either side, that the lawsuit was between their parents and they wanted no part in it, and for this reason the court instructed the children to return to school and be there subject to call. Appellant thereafter attempted to call the two boys as witnesses, but the court refused her request. Appellant was allowed to take a bill of exception, and the only testimony in the bill is by appellant's attorney, who testified that such children were able to understand the nature of the oath, that they were material witnesses, and that appellant had evidence from such children which would support her defensive material allegations that were alleged in appellee's petition which were not true or would have been denied by such children if allowed to testify.

■ We are here confronted with a record that does not show what the testimony of such children would have been or what material testimony appellant expected to introduce through the two children. In Bell v. Hoskins, 357 S.W.2d 585 (Tex.Civ. App.—Dallas 1962, no writ), it was held that exclusion of testimony was not reversible error where the record fails to show what the testimony would have been, if admitted. Appellant in her brief asserts that Alvin and Gary Otto had lived with appellant since 1964 and were the only witnesses who could affirm or disaffirm any excessive drinking or misconduct on the part of appellant in their home. However, in the state of the record before this Court, we cannot determine what the testimony of such children would have been, or that its exclusion was reversible error.

■ Appellant, by her second point of error, complains that the court erred in admitting the testimony of Roger Bowden and a portion of the testimony of appellee over the objection that such testimony related to conduct of appellant prior to November 18, 1965, the date of the final judgment as to custody of the children, and was res adjudicata to any issue before the trial court. Appellant correctly states the general rule that proof of misconduct of either party prior to the rendition of the original judgment is not ordinarily admissible in a subsequent proceeding brought for change of custody of the children and that the rule of res adjudicata applies in such case (see Wilson v. Elliott, 96 Tex. 472, 73 S.W. 946 (1903); Pennington v. Pennington, 195 S.W.2d 677 (Tex.Civ.App. —Texarkana 1946, no writ), but appellant acknowledges that a recognized exception to this rule exists where prior acts of misconduct are offered in evidence to corroborate similar acts in a proceeding subsequent to the original decree. Wilson v. Elliott, supra; Olds v. Burton, 181 S.W.2d 118 (Tex.Civ.App.—Eastland 1944, no writ); Pennington v. Pennington, supra. Appellant contends, however, that there is no evidence of her misconduct since the original judgment of custody to corroborate.

A résumé of the evidence objected to is necessary at this time. Roger Bowden, a son of appellant by a former marriage, testified, over objections, that sometime between March, 1965, and November 1965, he received a telephone call from his grandmother, the mother of appellant, and pursuant thereto he went to appellant's apartment in San Antonio, and after knocking on the door about fifteen minutes his mother came to the door, and after he got inside he found a man standing in the kitchen cooking breakfast; that his mother had on a robe and the man was dressed in blue denim pants and a white t-shirt. Appellee was permitted to testify, over objection, that prior to the divorce in Virginia appellant had a drinking problem and for a period of approximately one year she was

drunk two, three or four times a week. He further testified, over objection, that in the early part of 1964 he found the car which his wife had been driving, parked behind a motel near Washington, D. C., and after waiting a while he left, but later returned, after work, and about 6:00 or 6:30 in the evening a car drove up, that his wife got out of the car and a man named Jordan was in the car, that an argument ensued and he got mad and went home, and that his wife showed up about an hour later. Appellant thereafter testified and denied that she had ever been to a motel with Mr. Jordan, that he was a director in the office where she was employed and that on the afternoon involved she went to a show with Jordan, which lasted from two until six, and that she parked her car at the motel because the movie was right close. She also denied appellee's testimony with regard to her being drunk in 1964. She testified that the reason Roger Bowden testified against her was that he did it for money, that she raised Roger and spoiled him, and that he got into lots of trouble. The court in its charge instructed the jury that the testimony of Roger Bowden and Morris D. Otto, regarding acts of conduct of Dorothy Otto prior to the custody hearing in Virginia on November 18, 1965, was to be considered only for the purpose of corroborating any testimony of similar acts of conduct of Dorothy Otto occurring after November 18, 1965.

■ There is other evidence, both competent and relevant, in the record sufficient to support the jury's finding. (a) The original custody award in Virginia provided that appellant was given custody of the three children from the school year upon the condition that she and the children would reside with appellant's mother, Mrs. Golda J. Taylor. It is undisputed in the record that this condition was observed for only a short time and no longer prevails, and that appellant had moved on three different occasions, making necessary a change of schools for the children. (b)

There is testimony that a Mr. Clifford Weiderman, who was a business associate of appellant for a time, and with whom appellant went out socially, resided in one of the bedrooms of appellant's home in San Antonio for a period of time, and that after appellant moved to Schertz he resided in one of the bedrooms in appellant's home for a considerable length of time. Appellant admitted that Mr. Weiderman, whom she considered as her boy friend, resided in her home both in San Antonio and Schertz. (c) Although the testimony as to appellant's drinking habits is not conclusive, the next-door neighbors, both husband and wife, testified that they had seen her intoxicated on occasions. Appellant denied that she was an excessive drinker, but that if she wanted something to drink she had it, that she usually drank scotch and soda, and that if she went out in the evening she had as many as she wanted, and in the evening she would fix one at night, perhaps two, or three when she wanted three, that on one occasion when appellee had visited in her home after the divorce decree, in connection with picking up the children, she could have been drunk. (d) The testimony as to the drinking habits of Weiderman is more positive. Appellant's landlord testified that on one occasion Weiderman called him and asked him to pick him up at appellant's home, and that on such occasion Weiderman had been drinking, and that on another occasion, when he and his wife were at appellant's home for a steak dinner, Mr. Weiderman had several drinks. He also testified that appellant told him Mr. Weiderman drank too much. A neighbor of appellant testified that he had seen Weiderman under the influence of liquor several times. (e) Appellant testified that on one occasion, when she and Weiderman came home, Weiderman had been drinking and was angry, and that Weiderman and one of the boys got into an argument and had loud words. (f) Two witnesses who were neighbors testified that the children frequently came home from school about 3:30 in the afternoon and that on many of such

occasions appellant did not get home until about dark, between six and seven o'clock; that they had observed the children, on at least two occasions, when they were trying to get into the house by removing a screen from the window, and that on some occasions the children would just wander around in the neighborhood until their mother came home. This testimony is denied at least in part by appellant. (g) There was testimony by the same witnesses that appellant and Weiderman on some occasions went out together and did not come home until after 10:30 at night, and the record is not clear as to who took care of the children on those occasions. (h) One of the principals, a counselor, and two of the teachers of Schertz-Cibolo-Universal City Independent School District, where the children attended school, testified as to the children's school records. Such testimony shows that while all of the children were of average intelligence or better, as shown by achievement and intelligence tests given at the school, with one of the boys making the highest score of any student in his class, that all of the boys were making poor grades and were failing in a number of subjects and would probably be retained in their same grade for another year.

 Error in admitting or excluding evidence will be reversible error only if the record as a whole affords substantial basis for the reasonable belief that the admission or exclusion of such evidence may have caused the rendition of an improper judgment. The determining consideration is whether the evidence was of such probative force that its admission or exclusion was likely to have caused the jury to render a verdict different from that which it did render, and the strength and weight of the other evidence before the jury will be appraised by the court in determining the question of reversibility. Appellate Procedure in Texas, Harmless Error, § 17.12.

■ The record as a whole does not afford a substantial basis for the reasonable belief that the exclusion of evidence complained of by appellant in her first point of error, or the admission of the evidence complained of in her second point of error may have caused the rendition of an improper judgment. The error, if any, in refusing to permit the two boys to testify and in admitting the testimony of Roger Bowden and appellee, was not reversible error. Appellant's points of error are overruled.

The judgment of the trial court is affirmed.