Joseph A. CANAVESPE

v.

Cynthia Joy HAVINS.

No. 17307.

Court of Civil Appeals of Texas,
Fort Worth.

March 3, 1972.

Rehearing Denied April 7, 1972.

Walker, Bishop & Larimore, and Tom L. Larimore, Fort Worth, for appellant.

Charles F. Baldwin, Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

In this child custody case judgment was rendered decreeing that custody of the pre-school age daughter of the parties be changed from the father, Joseph A. Canavespe, and awarded to the mother, Mrs. Cynthia Joy Havins. This appeal is by Mr. Canavespe from that judgment.

This was the third case in which these parties had litigated the question of which of the parents was entitled to have the custody of this child, Natalie F. Canavespe.

The first such case was when judgment was rendered on April 16, 1969, divorcing the parents and making an original award of the custody of this child to the father, Mr. Canavespe. The child was at that time about 3 years old.

The second such case was filed in January, 1970, by the mother, Mrs. Havins, seeking to have the custody of the child changed to her. In this suit she alleged that conditions had materially changed since the first award. The case was tried about March 24, 1970, and judgment therein was signed on April 10, 1970, decreeing that the mother's application for change of custody be denied and that the custody award to the father as set out in the divorce judgment remain in full force and effect.

On March 25, 1971, Mrs. Havins filed this third custody case against the father. The trial was completed in July, 1971, and the court did on October 4, 1971, sign the judgment that is being appealed from, which judgment awarded the general custody of the child to Mrs. Havins and spelled out in detail a visitation schedule for Mr. Canavespe.

The record shows that the same trial judge presided over all three of these custody cases. He also presided at a contempt hearing which arose out of one of the many squabbles these people had over visitation with the child.

■ In child custody cases technical rules of practice and pleading are of little importance. A trial court's efforts to exercise broad equitable powers in determining what will be best for the future welfare of the child should be unhampered by technical rules. Chapman v. Harris, 231 S.W.2d 549 (Texarkana Civ.App., 1950, no writ hist.) and Conley v. St. Jacques, 110 S.W.2d 1238 (Amarillo Civ.App., 1937, writ dism.).

■ Notwithstanding this rule, in order for Mrs. Havins to successfully prosecute this third custody case the burden was on her to prove by a preponderance of the evidence that since the rendition of the last final judgment in a case between these same parties involving the custody of this child that there had occurred one or more material changes of conditions that were of such a nature that when they are considered along with the other existing facts and circumstances surrounding the parties and the child that it would now be in the child's best interests to change its custody from the father and award it to the mother. Taylor v. Meek, 154 Tex. 305, 276 S. W.2d 787 (1955); Bukovich v. Bukovich, 399 S.W.2d 528 (Tex.Sup., 1966); Knowles v. Grimes, 437 S.W.2d 816 (Tex.Sup., 1969); and Ogletree v. Crates, 363 S.W.2d 431 (Tex.Sup., 1963).

■ These cases just cited hold also that a final judgment rendered in a child custody case between two parties is res judicata of the question of what would be for the child's best interest under the conditions that existed at the time of the rendition of that decree. In other words after that decree becomes final the parties to that suit cannot thereafter question the court's holding that it was at the time of the rendition of that decree in the child's best interests to place its custody where the court placed it.

■ We hold that the material change of condition (one or more) which Mrs. Havins must have shown at the trial to get the relief sought must have occurred after the rendition of the judgment above referred to that was signed on April 10, 1970. If the only change or changes of condition that she proved at the trial had occurred after April 16, 1969 (date of divorce decree and of original custody award), but before April 10, 1970 (date of the last final custody judgment), then she would not have proven up a case entitling her to the relief she was awarded.

The cases cited above are authority for this holding. In addition we refer to the case of Bell v. Hoskins, 357 S.W.2d 585 (Dallas Civ.App., 1962, no writ hist.). It holds that in a case wherein the plaintiff applied for a change of custody of a child and in which the court rendered a judgment denying such application, that such decree carried with it an implied finding by the judge that there had been no material changes of condition occurring since the last custody suit between these parties that would justify an award of the relief sought.

■ The April 10, 1970, judgment in the second custody case between these parties was worded the same way the judgment in the Bell case, supra, was worded. It became res judicata of the question of whether between April 16, 1969 (date of the original custody award) and April 10, 1970, there had occurred one or more material changes of condition of such a nature as to render it to the child's best interests that its custody be changed. This same result would occur regardless of whether the last child custody judgment granted or merely denied the application for a change of custody.

If this were not so then nothing would have been finally adjudicated by the trial

of that case and the plaintiff could have turned right around the next day and filed the same suit in another court and tried the same case all over again.

The court's finding of fact No. XX and the first two sentences of his conclusions of law read as follows:

"XX.

"On the basis of the following substantial material change of conditions since the entry of the divorce decree on April 16, 1969, to-wit:

"(a) Defendant's failure to have his mother or some full-time female in his home to assist in the raising of said minor child, Natalie F. Canavespe;

"(b) Defendant is required to leave the minor child in the care of babysitters and nursery schools during the hours of his employment;

"(c) The continued strife and conflict between the parties on visitation, clothing and religion, creating an environment detrimental to the well being of the minor child;

"(d) Defendant has entered into a relationship with the ex-Mrs. Felton Havins and her grown daughter, which relationship creates an environment detrimental to the well being of the minor child, Natalie F. Canavespe;

"(e) Since the divorce decree entered on April 16, 1969, the Plaintiff, Cynthia Joy Havins, has married Felton Havins, a substantial businessman in Tarrant County, Texas;

"(f) Since the decree entered on March 24, 1970, in Cause No. DRC–3–5855, the marriage of Cynthia Joy Havins and Felton Havins has proved to be a stable and warm relationship. They have purchased a home and are well able to provide for the material and spiritual comforts of Natalie F. Canavespe;

"(g) The Plaintiff, Cynthia Joy Havins, is unemployed, not going to school, and is therefore able and willing to devote all her energies to the care, custody and control and guidance of Natalie F. Canavespe.

"It is the judgment of the Court that it is in the best interests, based on the substantial material change and the evidence heard by the Court, of the minor child, to grant the care, custody and control of Natalie F. Canavespe to the Plaintiff, Cynthia Joy Havins, subject to certain specific visitation privileges of the father Joseph A. Canavespe,

"CONCLUSIONS OF LAW

"The change of conditions described hereinabove constitute a material change of circumstances since the divorce of the Plaintiff, Cynthia Joy Havins and the Defendant, Joseph A. Canavespe. *The change of conditions described hereinabove constitutes a material change of circumstances since the entry of the judgment in Cause No. DRC–3–5855.*" (Emphasis supplied.)

The effect of the court's findings and conclusions just set out is to find that the changes of condition therein found to have occurred have occurred since April 16, 1969, and have in fact actually occurred since April 10, 1970.

This case identified as No. DRC–3–5855 is the child custody case that Mrs. Havins filed in January, 1970, in which the April 10, 1970 judgment denying the relief sought was rendered. This was the last prior adjudication of custody between these parties.

The recitations of that finding make it apparent that the trial court might have erroneously thought that the plaintiff would prove a case for change of custody as long as she proved that the material changes of condition relied upon by her occurred after April 16, 1969, the time of the original custody award. Such belief by the court is rendered immaterial, however, in view of the fact that he also found that the changes of condition upon which he based

his decision occurred after entry of the judgment in Case No. DRC–3–5855 (this was the April 10, 1970 decree). A copy of this decree is attached to appellant's brief filed in this court as appendix II to that brief.

We do not deem either subdivision (a) or (b) of the court's finding of fact No. XX to be changes of conditions. The fact that neither the defendant's mother or any other full-time female resided in the latter's home to help raise the child is a fact that has continually existed since the rendition of the original custody award on April 16, 1969, and still existed at the time of this trial. The fact that Mr. Canavespe has had to leave his little girl in nursery schools and with baby sitters during the time he was at work is also not a recital of a changed condition, but is the recital of an undisputed fact that has existed continually since April 16, 1969 and still existed at the time of the trial of this case.

Subdivision (e) of finding of fact XX is also not a change of condition that occurred after April 10, 1970. The plaintiff and Felton Havins were married on September 12, 1969 and were still married at the time of this trial.

Although the subdivisions (a), (b) and (e) of finding of fact No. XX do not recite changes of condition occurring since April 10, 1970, they do recite important facts existing at the time of the trial that are material evidence in a child custody case. The court was entitled to consider those three circumstances in deciding the case, if plaintiff proved the necessary material changes of conditions occurring since the rendition of the last custody decree.

Subdivision (g) of finding No. XX is a finding that the plaintiff is now unemployed, is not going to school and is able and willing to devote all of her energies to the care, custody and guidance of the child. There is no question but what this was a material change of condition that occurred since the April 10, 1970 decree. Neither parent had at the time of any of the other trials between these parties been in a position to devote full time to the bringing up of the child.

Subdivision (f) recites that since the judgment in Case No. DRC–3–5855, the Havins marriage has proven to be a stable one and that they have purchased a home in which they can raise the child. The court found that these are material changes and the law and the evidence support such conclusions. At the time of the other trial Mr. & Mrs. Havins lived in an apartment and had only been married a short time. See Taylor v. Meek, supra, and Green v. White, 203 S.W.2d 960 (El Paso Civ.App., 1947, no writ hist.) on what constitutes change of condition.

Subdivision (c) of finding No. XX, when considered with the court's statement that the change therein recited constitutes a material change of circumstance since the judgment in Case No. DRC–3–5855 (the April 10, 1970 decree), is a finding that the continued strife, and conflict between the parents on visitation, clothing, and religion has reached such a state that an environment detrimental to the child's well being has arisen.

The court thus found that such detrimental environment due to these factors did not exist prior to the April 10, 1970 decree, but that it has reached that proportion since.

Subdivision (d) is a finding when considered with the court's statement that it is a change of condition since entry of judgment in Case No. DRC–3–5855, to the effect that Mr. Canavespe has entered into a relationship with plaintiff's husband's ex-wife and grown daughter that since April 10, 1970, has reached such a state that it has become detrimental to the well being of the child. There is evidence in the record that the ex-Mrs. Havins and her daughter are at odds with Mr. Havins and especially do they have no regard for the child's mother who is married to Mr. Havins. While the child is in the father's custody she is in the company of these people

often. There is evidence that Mr. Havins' daughter broke up with him because he married the child's mother.

The question of whether or not these material changes of condition occurring since April 10, 1970 were of such a nature, when considered with the other existing circumstances surrounding these parties, as to render it in the child's best interests that its custody be changed is a question that lies within the sound discretion of the trial court and which discretion will not be disturbed unless it is abused. This question is a law question requiring an appraisal of the facts. Taylor v. Meek, supra, and Bukovich v. Bukovich, supra.

We are convinced that the court did not base his decision on changes of condition that occurred prior to the April 10, 1970 decree and therefore overrule appellant's first point.

Appellant's points Nos. 3 through 7, inclusive, overlap to some extent. We consider them to urge that plaintiff offered "no evidence" to show a material change of condition occurring since the April 10, 1970 decree; that the evidence was "insufficient" to show such change of condition; that plaintiff did not prove by a preponderance of the evidence that material changes of condition have occurred that made it to the child's best interest to change its custody and that the court abused its discretion in granting the change of custody.

We overrule those points. In considering them we have reviewed the entire record and hold that there is evidence to support the court's findings complained of and also that the evidence is sufficient to sustain such findings.

This appellate court is not confronted with the question of how we would have decided this case if we had been sitting as the trial court. An appellate court does not have the power to substitute its judgment for that of the trial court, unless the trial court abused its discretion. Taylor v. Meek, supra. From our examination of the record we hold that the trial court did not abuse its discretion in making the award that it did.

There is no question but what there was evidence in the record that would have justified the trial court in denying the plaintiff's application, if he had seen fit to do so. The trial judge in this case has had an unusual opportunity to become familiar with these two litigants. He has had the chance to observe their demeanor throughout three custody trials and one contempt hearing, which trials all occurred in the space of a little over two years. He is therefore in a far better position to size the litigants up and to decide what would finally be for the best interests of this child than would be any appellate court from reading a cold record.

We deem appellant's point No. 2 to contend that the court erred in allowing evidence to be introduced during the trial going back to the April 16, 1969 divorce decree instead of limiting the evidence to proof of things that occurred after the last child custody decree of April 10, 1970.

This was a non-jury case. Even if evidence is erroneously admitted during such a trial such error would be harmless and the court would be presumed to have considered only properly admitted evidence in arriving at its decision, unless the record showed to the contrary. We are convinced that even if the court did err in the respect complained of that under the record made in this case, such error was harmless. Conley v. St. Jacques, 110 S.W. 2d 1238 (Amarillo Civ.App., 1937, writ dism.). We overrule appellant's point No. 2 for this reason.

In addition to that we are convinced that the record in this case does not show that appellant has preserved a proper bill of exception showing error of the trial court in admitting any particular evidence. No effort has been made to point out to this court any such bill of exception showing that some particular evidence was erro-

neously admitted by the trial court over appellant's proper objection, and that the admission of such evidence caused harm to appellant.

The judgment is affirmed.