Anne Billups BRADSHAW, Appellant,

v.

Donald C. BILLUPS, Appellee.

No. 5336.

Court of Civil Appeals of Texas,
Eastland.

Aug. 23, 1979.

Reba G. Rasor and Donald R. Smith, Koons, Smith & Johnson, Dallas, for appellant.

Les E. Shackelford, Jr., Dallas, for appellee.

Anne Billups Bradshaw, mother of a teenaged daughter, appeals an order requiring her to pay $100 per month child support. Donald C. Billups, father of the girl, has custody. The issue in this nonjury trial was whether the father made sufficient proof under Tex.Fam.Code Ann. § 14.08 (Supp. 1978) to secure a modification of the divorce decree and to require the mother to begin paying child support. We affirm.

The parties were divorced on September 17, 1974. That decree awarded custody of the girl to the mother and ordered the father to pay $200 per month child support. On October 14, 1976, the divorce decree was modified by agreement to change the custody of this child from the mother to the father. At that time the father did not seek to impose any child support obligations on the mother. In 1978 the father filed a motion to modify the 1974 judgment of divorce by requiring the mother to help support the child.

The mother did not testify at the 1978 hearing. Her adult son testified that she is employed as a stockbroker and that she lives in a nice apartment. Mr. Billups testified as to a change in circumstances of the minor daughter following the divorce in 1974. The daughter has been living with him since October of 1976. The mother has not provided any child support payments, but she has given the girl Christmas gifts and birthday presents. Mr. Billups testified that his ex-wife was earning about $800 per month in 1974. It was stipulated that she earned $12,597 in 1976, $12,600 in 1977, and that she would earn $14,159 in 1978. Mr. Billups also testified that in October of 1978 it was costing him approximately $500 per month to support the child, and he asked that the mother be required to pay $250 per month for child support.

Appellant has briefed three points of error. First, she contends that the trial court erred in treating the "relevant period" for showing a material change of circumstances as beginning on the date of the divorce in

1974, rather than the date of the 1976 modification. Next, she argues that there was no evidence of a substantial and material change of circumstances. Finally, she argues that there was insufficient evidence to show a substantial and material change of circumstances. All three points of error are overruled.

 Mrs. Bradshaw cites *Canavespe v. Havins,* 478 S.W.2d 166 (Tex.Civ.App.— Fort Worth 1972, no writ), which states that the party who seeks to modify child custody must prove that since the last final judgment in a case involving custody of the child there had occurred one or more material changes of condition. That case is not in point because the 1976 modification did not put in issue the mother's obligation to pay child support.

Mrs. Bradshaw also cites *Labowitz v. Labowitz,* 542 S.W.2d 922 (Tex.Civ.App.—Dallas 1976, no writ), which is similar on its facts to the present case. The court held that it was not necessary to determine whether the prior modification of the divorce decree "impliedly" provided for child support, since the trial court had found a material change of conditions in the period from the original decree, as well as during the period after the first modification. Therefore, the court's statement that the "relevant period" commenced on the date of the first modification, rather than commencing on the date of the original decree, is dicta. We decline to follow that reasoning in view of our interpretation of the statutory language.

Section 14.08, supra, expressly provides that the court may modify an order *or portion of a decree* that designates a managing conservator *or* provides for child support if the circumstances have materially and substantially changed since the entry of the order or decree.

The 1976 order modified only a portion of the original 1974 decree. That modification did not require any child support payments from the mother. We hold that the "relevant period" for measuring a change of circumstances, as to the mother's obligation to pay child support, begins on the date of the original decree. That is the decree which is being modified.

 When the relevant period is measured from the original 1974 decree to the hearing in 1978, the evidence is legally and factually sufficient to show a material and substantial change of circumstances of the child and her parents. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951), Tex. Fam.Code Ann. § 14.08 (Supp.1978).

The judgment of the trial court is affirmed.