

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00338-CV

IN RE MAKILA LAINE O'NEAL, RELATOR

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

December 23, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending before the court is Makila Laine O'Neal's (Makila) petition for writ of mandamus wherein she asks that we issue a Writ of Mandamus "commanding the trial court to vacate the temporary order which effectively changed the person with the exclusive right to designate the primary residence of the child, expanded Real Party in Interest's access to the child and awarded possession on a week to week basis, and which decreased the support to half of what is set forth by the child support guideline statute." We conditionally grant the writ of mandamus in part and deny it in part.

*Background*

Makila divorced Justin Wayne O'Neal (Justin) on October 16, 2009 and pursuant to the divorce decree was given exclusive right to establish the residence and make

educational decisions for the only child of the marriage, S.B.O. On June 13, 2011, Justin filed a motion to modify the divorce decree by requesting that the trial court appoint him "as the person who has the right to designate the primary residency of the child." He, further, requested temporary orders based on necessity "because the child's present circumstances would significantly impair the child's physical health or emotional development, and the requested temporary order is in the best interest of the child." Justin, also, requested an injunction preventing either parent from "consuming alcohol within the 12 hours before or during the period of possession of or access to the child." Makila filed a general denial and subsequently countersued for a change in venue, for reimbursement of medical and dental care for the child and increase in child support. On September 24, 2013, the trial court held a hearing for temporary relief. After hearing evidence and argument of counsel, the trial court expanded visitation to every other week for Justin, restricted the geographical location of the child to Hardeman County and calculated child support based on Justin's gross income and then split the calculation in half since the parties were sharing custody. Makila then filed this petition for writ of mandamus.

*Standard of Review*

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). With respect to the resolution of factual issues or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court

2

unless the relator establishes that the trial court could reasonably have reached only one decision and that the trial court's decision is arbitrary and unreasonable. *Id.* at 839-40. This burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding) (per curiam). We give deference to a trial court's factual determinations, but we review the trial court's legal determinations *de novo*. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). A trial court abuses its discretion if it incorrectly interprets or improperly applies the law. *In re Dep't of Family & Protective Services.*, 273 S.W.3d 637, 642-43 (Tex. 2009) (orig. proceeding); *Walker*, 827 S.W.2d at 840.

Because a trial court's temporary orders are not appealable, mandamus is an appropriate means to challenge them. *See, e.g., In re Derzapf*, 219 S.W.3d 327, 334-35 (Tex. 2007) (orig. proceeding) (granting mandamus relief and directing trial court to vacate its temporary orders granting grandparents access to grandchild); *Little v. Daggett*, 858 S.W.2d 368, 369 (Tex. 1993) (orig. proceeding) (holding that mandamus is an appropriate remedy because a temporary order granting visitation is not appealable).

*Issues One, Two and Three – Trial Court Abused Its Discretion*

In her three issues, Makila contends that the trial court abused its discretion by temporarily modifying 1) visitation rights and child support obligations established in the final decree, *sua sponte* and 2) Makila's right to designate the child's primary residence when the trial court found that the existing circumstances did not significantly impair the child's physical health or emotional development. Justin filed no response to the application for writ of mandamus or to these arguments.

a.      Visitation and Child Support

According to Makila, the trial court *sua sponte* modified the child support obligations (that is, reduced them) and visitation rights (that is, increased them) of Justin even though Justin had not pled for any such modifications. That constituted an abuse of discretion. We disagree.

Per the final divorce decree, Justin had been awarded visitation. Generally speaking, that visitation was to occur every other weekend. He was also ordered to pay approximately $623 per month in child support. His subsequent petition to modify the decree and allow him to designate the child's primary residence said nothing about changing visitation or child support. Before the motion could finally be heard, the trial court convened a hearing to address the question of temporary orders. And, at the end of that hearing, it said the following:

> The standard is very high. It has to be significant impairment. That's what we call it and the way it's really worded is that the child's physical safety or emotional development would be significantly impaired and there is plenty of accusations going back and forth. The burden is on the Petitioner, on Mr O'Neal to carry that burden before there can be a temporary change of custody. A final change of custody, it's a different thing. It's a material change of circumstances and best interest of the child. That's a different thing. It's less of a standard than significant impairment. *I do not find that this case rises to the level of significant impairment,* however, you both need to be on probation about this case, not about your driving or your public intox or your DWIs.

> \* \* \* \* \*

> I'm going to leave both of you as joint conservators of the child. I'm going to leave the mother as the person to designate the primary residence of the child. I am going to expand the visitation. I'm doing that primarily because, again, in my view you both kind of need to be on probation about the way you've been conducting yourselves and as far as putting this child first, so I'm going to expand that visitation to alternating weeks. That means you will have the child alternating weeks, Mr. O'Neal. You will have the child alternating weeks, Mrs. O'Neal. . . . You will pay child support, Mr. O'Neal. . . . figure the child support according to the Family

4

> Code guidelines for one child and then divide it in two since they are going to be splitting custody.

(Emphasis added). As can be seen from the foregoing, Justin's visitation rights and child support obligations were modified, though he had not expressly sought that particular relief.

A trial court's decision awarding relief that no one requested is normally an abuse of discretion. *In re Dukes*, No. 04-10-00257-CV, 2010 Tex. App. LEXIS 3077, at *6-7 (Tex. App.—San Antonio April 28, 2010, orig. proceeding) (holding that mandamus relief was appropriate because the trial court temporarily changed managing conservatorship over the child even though the party granted same had not pled for it); *see also Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 812-13 (Tex. 1983) (stating that a party may not be granted relief in the absence of pleadings to support that relief); *In re P.M.G.*, 405 S.W.3d 406, 416-17 (Tex. App.—Texarkana 2013, no pet.) (stating the same). However, strict pleading requirements grow more lax in matters of the parent / child relationship. According to our Supreme Court, "a suit properly invoking the jurisdiction of a court with respect to custody and control of a minor child vests that court with decretal powers *in all relevant custody, control, possession and visitation matters involving the child.*" *Leithold v. Plass*, 413 S.W.2d 698, 701 (Tex. 1967) (emphasis added); *In re P.M.G., supra*; *accord, Conley v. St. Jacques*, 110 S.W.2d 1238, 1242 (Tex. Civ. App.—Amarillo 1937, writ dism'd) (stating that "technical rules of practice and pleading are of little importance in determining issues concerning the custody of children [since] [i]t is not only the right but the duty of the trial court to ascertain any and all facts, and make such investigations as, in his judgment, will assist him in reaching a proper conclusion as to the problems surrounding their custody to the

5

end that he may determine the person who is best qualified and most suitable to furnish the proper environments and home in which they are to live."). In petitioning for the authority to designate the child's primary residence, Justin effectively bestowed upon the trial court authority to address all relevant custody and control matters, including that of child visitation. So, we reject Makila's suggestion that the trial court's decision to consider the temporary change of visitation fell outside the scope of issues before it.

The same can be said of child support matters. Gaining greater visitation rights to the child may reasonably affect the expenses incurred by Justin while physically possessing his offspring. And, the trial court would, no doubt, have an interest in assuring, if not an obligation to assure, that the father retained sufficient assets to care for that child. Thus, we cannot say that a clear abuse of discretion occurred when the trial court opted to temporarily alter Justin's support obligation given the rather substantial increase (from every other weekend to every other week) in visitation awarded him.

b.    Geographic Limitation Imposed

At the conclusion of the temporary hearing, the trial court also ordered that the child could not be removed from Hardeman County. This deviated from the geographic restrictions imposed by the final decree. They included Hardeman County and various neighboring counties. This is of import because a temporary order reducing the geographic location of the child to one county has been held to affect the right of the parent who was originally granted the exclusive authority to designate the child's primary residence. *In re Payne*, No. 10-11-00402-CV, 2011 Tex. App. LEXIS 9611, at *4-5 (Tex. App.—Waco December 2, 2011, no pet.); *accord*, *In re Strickland*, 358 S.W.3d 818, 821 (Tex. App.—Fort Worth 2012, no pet.) (holding that "the trial

6

court's order that the children remain 'in the area' pending the preparation of social studies has the effect of changing the designation of the parent with the primary right to determine the children's residence under the decree because it imposes a restriction whereas the decree has none").[1]  Moreover, such a right cannot be temporarily modified unless the "child's present circumstances would significantly impair the child's physical health or emotional development."  TEX. FAM. CODE ANN. § 156.006(b)(1) (West Supp. 2013).

Here, the trial court expressly said that it did "not find that this case rises to the level of significant impairment."  Thus, it lacked the authority to affect Makila's right to exclusively designate that child's primary residence when it restricted the child's geographic presence to Hardeman County.  Thus, it clearly abused its discretion in so ordering.

Accordingly, we conditionally grant Makila's petition for writ of mandamus to the extent that she seeks relief from the trial court's restriction of the child's physical presence to Hardeman County.  However, we trust that the trial court will act in accordance with this opinion.  Thus, we will issue the appropriate writ of mandamus only if the trial court fails to modify its temporary orders to conform to our opinion by January 21, 2014.


Brian Quinn
Chief Justice

---

[1] *Payne* and *Strickland* involved the imposition of a geographic restriction where there was none before.  Here, geographic restrictions previously existed but the trial court enhanced their burdensomeness by reducing the counties in which the child could be taken.  We see no substantive difference in the effect wrought by the decisions in *Payne* and *Strickland* and here.  In each situation, the scope of the parent's discretion to choose the child's primary residence was reduced.