Emma Dell SIMMONS, joined pro forma by her husband, Robert H. Simmons, Appellant,

v.

J. C. HITCHCOCK, Appellee.

No. 5104.

Court of Civil Appeals of Texas.

El Paso.

Sept. 28, 1955.

William C. Collins, El Paso, for appellants.

Andress, Lipscomb, Peticolas & Fisk, El Paso, for appellee.

FRASER, Justice.

Plaintiff, Emma Dell Simmons, joined pro forma by her husband, Robert H. Simmons, filed this suit against defendant, J. C. Hitchcock, alleging change of conditions and seeking the permanent care, custody and control of her minor child, Barbara Ann Hitchcock, a girl four years of age. Plaintiff is the mother of said child and defendant is the paternal grandfather of said child. The custody of said child had previously been awarded to the defendant by a judgment of the Forty-first District Court of El Paso County, Texas, in February 1952.

Trial was had before the Court without a jury, and the Court entered judgment retaining the custody of said child in the defendant, but giving plaintiff certain visitation rights for two days each week.

Plaintiff has duly perfected her appeal to this Court. The parties are referred to as plaintiff and defendant, as they were in the trial court.

■ Appellant brings up two points of error, the first being that the court erred in admitting evidence of alleged misconduct by plaintiff prior to the entry of said divorce judgment in February 1952. We do not find merit in this point for the following reasons: First, the court in his findings of fact did not find that the plaintiff was an unfit person to have custody of the child. Second, it is obvious that most of the pre-divorce evidence is substantially corroborative of her conduct subsequent to the divorce, as is clear from examination of the record. It has been held that such evidence may be admissible in corroboration of evidence of conduct subsequent to the original divorce decree. Conley v. St. Jacques, Tex.Civ.App., 110 S.W.2d 1238; Chapman v. Harris, Tex.Civ.App., 231 S.W.2d 549; Green v. White, Tex.Civ. App., 203 S.W.2d 960. Third, it must be remembered that this matter was heard by the court without a jury, and it is a well known presumption that under such circumstances it is presumed that the court considered only that evidence which was properly admissible, but in any event we return to the fact that the court did not find plaintiff to be an unfit person, but merely held that the child's best interests would be best subserved by leaving it in the custody of the paternal grandparents. The record showed that the child had been in the home of her grandparents ever since she was nine months old, and there was no evidence of any adverse condition or unfit surroundings. This point is accordingly overruled.

Appellant's second point complains of the error of the court in determining that the temporary physical custody should remain with J. C. Hitchcock, the paternal grandfather.

■ Examination of the record reveals that up until July of 1954 the plaintiff, a waitress, had remained unmarried and had moved around to some extent in the various places where she worked, including trips to several cities from Louisiana to California, and that during the same period of time the grandparents did and still operate a farm at Anthony, New Mexico, where the child has made her home in apparent happiness and well-being; that the paternal grandparent and his wife are both willing, able and anxious to continue the rearing of this child; that the child has become integrated into that home, living happily there for more than three years; that the plaintiff is now married to a Sergeant in the armed forces, that his

·duties would of necessity keep him oc·cupied during the most of the daytime, and that therefore while he was on duty .and while plaintiff was on duty as a waitress it would be necessary to place the child in a nursery. Much of this is contained in the trial judge's findings of fact, in which he further found that neither party to the lawsuit was an unfit person to have the custody of the child. The trial judge, in his conclusions of law, set ·out that it was his finding that the best interest of the child will be served by permitting her to remain in the home that she has known since babyhood, as long as visitation privileges are accorded the plaintiff mother. There is ample evidence in the record to sustain the trial court's decision to leave the custody of the child unchanged.

■ The matter of the custody was originally determined in the divorce suit in 1952, and thereby becomes res adjudicata, and as a final judgment must stand until and unless the trial court is convinced that the best interests of the child will be served by changing the original disposition of the custody.

■ Here the plaintiff has not shown any change in the conditions under which the child now lives that would suggest or require a change, but has predicated her case almost entirely on the fact that she is the natural parent, and alleges that she is now able to give the child a home. The record shows that plaintiff had in the past apparently been guilty of lack of proper care of the child, and had by a Louisiana court been once granted the full legal custody of two children by a former marriage, but had not seen fit to exercise such rights except for short periods of time, and said children are now being cared for by their father. It is not enough in a change of conditions lawsuit for the natural parent to prove only that he is a fit person and can now provide a home for the child or children. Applicant must prove in the final analysis that the best interests of the child will be served by the proposed change.

Dunn v. Jackson, Tex.Com.App., 231 S.W. 351; Robinson v. Wampler, Tex.Civ.App., 202 S.W.2d 500; Sawyer v. Bezner, Tex. Civ.App., 204 S.W.2d 19.

■ It has been held in cases of this nature that the question of whether a trial court has abused its discretion is a question of law. that. requires an analysis and appraisal of all the facts, and it has also been held that the trial court is in the best position by means of having the parties present, to evaluate their respective virtues. Valentine v. Valentine, Tex.Civ. App., 203 S.W.2d 693. The Supreme Court has stated that a change of conditions on the part of the natural parent who now seeks custody is a necessary attribute to the action, but not controlling on the trial court, because the trial court must decide of itself whether this change or any alleged changes warrant a change of the original custody. This calls for the exercise of the sound· discretion of the trial court. Son v. McConnell, Tex.Civ.App., 228 S.W.2d 290; Wade v. Shaughnessy, Tex.Civ.App., 231 S.W.2d 494. In the instant case we do not find any abuse of that discretion.

■ It is obvious that in the case of a child of tender years, as the one now before the court, a change of custody would disrupt the living arrangements to which she has become accustomed, and disturb the channels of her affection, and in effect alter the entire tenor of her life. This, therefore,· should not be done unless the trial court is convinced that such a disruption and change would work a positive improvement in the child's welfare. Here we have a final judgment to the effect that the child's best interest would be served by awarding the custody to the grandparents rather than a natural parent, which effectively disposed of the legal presumption that the natural parent would be the best parent. That presumption should be carefully considered, and apparently was, by the trial judge who found to the contrary in the original divorce case. This presumption, having been disposed of by final judgment, is of course still entitled

to consideration but can not now control a suit to change custody already awarded. Taylor v. Meek, Tex., 276 S.W.2d 787.

■ The above case cites Taylor v. Taylor, Tex.Civ.App., 42 S.W.2d 455, 456, stating that the presumption that the best interests of children will be subserved by awarding them to the natural parent is a rebuttable presumption.

We hold that the trial court did not abuse his discretion, and his decision finds ample support in the evidence. Taylor v. Meek, Tex., 276 S.W.2d 787. This last cited case, decided by the Supreme Court in 1955, seems to us to be completely decisive of the matter before us. Appellant's second point is accordingly overruled.

Having found no merit in appellant's points, the same are overruled and the decision of the trial court affirmed.