Mary Helen SANDERS et vir, Appellants,

v.

Billy L. PEACOCK, Appellee.

No. 15696.

Court of Civil Appeals of Texas.

Fort Worth.

March 2, 1956.

Guy H. McNeely, Wichita Falls, for appellant.

Jimmy Castledine, Wichita Falls, for appellee.

MASSEY, Chief Justice.

The appellants, Mary Helen Sanders et vir, have appealed from a judgment denying an application to revise a child custody decree affecting Mrs. Sanders' five year old daughter, Sandra Kathleen Peacock. Under the decree Mrs. Sanders had her daughter's custody except for the summer months, June, July and August of each year. Billy L. Peacock, the father, had Sandra Kathleen's custody during said months.

Arrangements pursuant to the existent decree had worked most satisfactorily up until 1955. While the period of the mother's custody persisted the father was permitted to visit the child and to have her visit him and stay overnight and for week ends, etc. When the father had custody during the summer months the mother was permitted to visit her and to have her visit and stay overnight and on week ends, in turn. Both parents seemingly were developing and preserving a proper parental relationship with the child despite the unfortunate circumstance of their divorce. Happily, the locations where the child was kept by both her father and her mother were proximate, and whichever parent was "out of custody" was nevertheless able to reach the place where she was staying by a relatively short automobile trip.

In 1955, however, the father's employment during the summer months required him to live in a distant county, where he had made arrangements with a friend to care for Sandra Kathleen during the hours when he was at work. Prior to 1955 the father had arrangements whereby either his mother or his sister cared for the child in or just outside the City of Wichita Falls. The mother resided in that City. After the beginning of the father's period of custody for 1955, the mother went to where Sandra Kathleen was being kept by him and took her into physical custody without the father's knowledge or consent. He filed an application for a writ of habeas corpus. The mother countered with a petition for sole and exclusive custody based upon a change of conditions. At the hearing the issues raised by the mother were tried before the court without intervention of a jury. The trial court denied the mother's petition and ordered the child released unto the father. The mother appealed.

■ Appellants contend that the evidence demonstrates a change of conditions since the entry of the original custody decree, warranting a finding by the trial court that the child's sole custody should be awarded to the mother. It is undisputed that since the entry of the original decree the mother has established a home where she could keep her child, while at the time of its entry she had none. This proof seems to require as a matter of law a finding of changed conditions upon the part of the mother. But whether or not such a change *warrants a change of custody* is a question within the discretion of the trial court. Taylor v. Meek, Tex.1955, 276 S.W.2d 787, and cases cited under syllabus 4. The same thing might be said, we believe, in connection with the father's plans to move the child to a distant county where she would be cared for by persons other than those who had cared for her during the father's working hours while she remained in or near Wichita Falls. These two grounds constitute the basis of the mother's prayer for a change of custody decree.

■ In neither instance could it be said that the trial court abused its discretion in refusing to direct a change of custody. We have so concluded from an analysis of all the evidence introduced. If the evidence could be said to have raised in issue the matter of the child's best interests through a change of custody, it most certainly did no more than that and a con-

clusion that her best interests lay in leaving the existing decree undisturbed would be reasonable. A change of custody of children of divorced parties should be ordered only when the trial court is convinced that the change is to be a positive improvement for the child. Bryant v. Birdsong, Tex. Civ.App., Fort Worth, 1955, 277 S.W.2d 922. In the same authority numerous cases are cited upon the matter of the very broad discretionary powers of a trial judge in custody cases, and demonstrating the heavy burden cast upon an appellant who seeks to reverse a custody decree because of a trial judge's abuse of discretion.

Judgment is affirmed.