Jo Eddy **LANDRY** et vir, Appellants,

v.

Ernest E. **RAY**, Jr., et al., Appellees.

No. 15069.

Court of Civil Appeals of Texas.
Dallas.

March 16, 1956.

Robert H. Hughes, Dallas, for appellants.

John N. Touchstone, Jr., and Charles F. Umphress, Dallas, for appellees.

PER CURIAM.

This was an action by Jo Eddy Landry, joined by her present husband Robert Landry, for herself and for the benefit of her minor child Ernest E. Ray III, against Ernest E. Ray, Jr., Ruby Harris, and Lola Patterson, alleging that Ernest E. Ray III is now and has been for two years living with Ruby Harris and Lola Patterson in Dallas County; that Jo Eddy Landry is the mother of Ernest E. Ray III, and Ernest E. Ray, Jr., is the father; that she and the child's father were divorced June 4, 1952 and in the divorce decree the custody of the minor was awarded to the father; that since the divorce the father left the child with Lola Patterson and Ruby Harris to live with them while he moves from one army post to another; that living conditions have changed since such judgment was entered and the child is now deprived of his father's presence; that Lola Patterson and Ruby Harris are unable to give the child the guidance, love, affection, and training which can be provided by appellant (the mother); that her present husband is an entomologist and is able and desires to provide a proper home for her child in their present home in Plainview, where there are schools nearby; many young children near; coupled with the love, affection, etc., of his mother, which would provide the child with the most beneficial atmosphere for his training, and his development into a well-rounded citizen.

The father answered by pleas in abatement, motion to dismiss, and res adjudicata.

Ruby Harris and Lola Patterson answered by pleas in abatement and to dismiss, exceptions, denial of illegal restraint, and affirmatively that they are the paternal grandmother and great-aunt of the child and have fully taken good care of the child in good surroundings near a good kindergarten and good schools; .that Ruby Harris

has purchased a Liberty Bond each month since the child has been in their care in the joint names of the child and his father; therefore there is a substantial fund toward the boy's education; denied a change of conditions since the judgment.

After hearing the evidence the trial court entered judgment denying a change of custody to the mother, but enlarged the mother's visitation privileges to two vacation visits of one week each at six-week intervals; first visit to be June 10, 1955; second visit to be six weeks thereafter; with future visitation to be arranged in similar fashion; and further that Jo Eddy Landry also be permitted to have the child on alternate week-ends during the nine-month school term for visitation; and after giving notice to defendants, from 8:00 a. m. on Saturday until 6:00 p. m. on Sunday, beginning September 10, 1955; conditioned, however, that the mother and her husband file a good and sufficient bond in the penal sum of $1,000, conditioned that they return the minor child within the time fixed by the visitation order and do not otherwise violate the decree. The judgment also enjoined all parties from removing the child from Texas and to also execute a $1,000 bond conditioned against such removal.

Appellants have duly perfected this appeal from such judgment, here briefing one point of error, to wit: Error in "refusing to place the custody of the child in his mother, the appellant herein." Countered that there was ample evidence to support the judgment and the court did not abuse his discretion in rendering such judgment.

■ The general rules governing the award of custody under the circumstances here have been settled by our Supreme Court in Taylor v. Meek, Tex., 276 S.W.2d 787, where the Court held that while the presumption that the child's best interest is that it be reared by its natural parents, and should be considered, yet it is not controlling in the face of the trial court's finding, as evidenced by its judgment.

■ The record here shows the judgment has sufficient support in the evidence; and, although controverted by evidence supporting the mother's claim to custody, based on the child's best interest, the trial court was entitled after seeing the witnesses as they testified, and considering the record as a whole, to pass on the weight and credibility of each witness and to find the facts on which to base his judgment. Taylor v. Meek, supra; Simmons v. Hitchcock, Tex. Civ.App., 283 S.W.2d 84.

We cannot say the findings of the trial court, having support in evidence, were manifestly wrong; and on further consideration, cannot say they were against the great weight and preponderance of the evidence. Point 1 is overruled. The judgment of the trial court is

Affirmed.