**Gene Blair BOX, Appellant,**

v.

**Vester Robert BOX, Appellee.**

No. 3242.

Court of Civil Appeals of Texas.
Eastland.

June 22, 1956.

Earl R. Parker and Charles E. Tobin, Dallas, for appellant.

Logan Ford and Waller M. Collie, Jr., Dallas, for appellee.

COLLINGS, Justice.

This is an appeal from a judgment denying an application to change the custody of two minor children. In a divorce suit between the parties a decree was entered on August 19, 1954, granting Vester Robert Box a divorce from Gene Blair Box and granting him the custody of three minor children, to-wit: Patricia Ann, a girl, age sixteen; Julie Blair, a girl, age seven, and Vester Robert, Jr., a boy, age four. The mother was given the right to visit the children at specified times. The court found in that case that Vester Robert Box was a fit and proper person to have the care and custody of the three minor children and that the mother, Gene Blair Box, was not a fit and proper person, and that it would be to the best interest of the children to be awarded to the custody of the father.

On March 3, 1955, Gene Blair Box filed this suit in the district court of Dallas County alleging a change of conditions concerning the custody of the children since the date of the divorce decree and prayed that she be granted custody of the two younger children, to-wit: Julie Blair Box and Vester Robert Box, Jr. Upon a trial, judgment was entered on August 18, 1955, denying the petition for a change of the custody. Gene Blair Box has appealed.

The following findings of fact and conclusions of law were made and filed by the trial court, and appellant does not question any of the findings of fact.

"Findings of Fact

"1.

"Gene Blair Box, plaintiff herein, is the mother of three children, the oldest, a girl, Patricia Box, who will be 18 years of age in September, 1955; the second oldest, a girl, Julie Box, who will be 9 years of age in October, 1955; and the third and youngest, a boy, Buddy Box, who is five years of age.

"2.

"Plaintiff presently resides at 1104 West 34th Street in Austin, Texas, with her mother, her sister, her aunt, and her grandmother, and also the two

minor children of the aunt, ages 5 and 7. The mother and the grandmother are widowed, while the sister and the aunt are divorced.

"3.

"Mrs. Box is presently employed by the State Comptroller's Department; the other adult members of her household except the grandmother are employed in Austin, Texas.

"4.

"Prior to the divorce between the parties, the plaintiff used alcoholic beverages to excess and was confined on two occasions to Timberlawn Sanitarium in Dallas, Texas, once with acute delirium tremens.

"5.

"Plaintiff occasionally purchases intoxicating beverages and has approximately one or more drinks a week at the present time.

"6.

"If custody were granted to plaintiff, the two smallest children would be kept by her in Austin, Texas and would be cared for during the day by her grandmother, age 80 years.

"7.

"Since custody of the children was awarded to defendant on the 19th day of August, 1954, they have been living in the home formally occupied by plaintiff and defendant in Dallas, Texas, and they have been kept by defendant and his mother, with the *and* of domestic help.

"8.

"The children are improved and in good health and look fine. The two children in school are doing well, and they have a comfortable home. Plaintiff admitted there was nothing wrong with the home and the environment in which they are living. Defendant and his mother have done a good job in caring for, looking after, and rearing the children in question.

"9.

"Plaintiff's sole reason for seeking a change of custody is her personal longing to be with and desire to have custody of the children.

"Conclusions of Law

"1.

"The only change of conditions since the time of the original decree rendered on the 19th day of August, 1954, is that plaintiff does not use intoxicating beverages to the extent that she did prior to said decree.

"2.

"Defendant has and maintains a suitable home and environment in which to raise the minor children concerned.

"3.

"Defendant is a fit, proper and suitable person for the custody of the children in question.

"4.

"In determining the question of what would be to the best interests of the minor children involved, there is a difference between a first award of custody and a change of custody. Because a change of custody would disrupt the children's living arrangements and the channels of their affections, a change shouls be ordered only when such change would be a positive improvement for the child.

"5.

"In the case at bar, a change of custody at this time would not be an

improvement for the children concerned.

"6.

"The best interests of the children concerned would best be served by leaving them in the custody of the defendant."

It was adjudicated in the divorce proceeding that appellant Gene Blair Box was not a fit and proper person to have custody of the two minor children in question and their custody was granted to the father. In this case it was found by the trial court that it was to the best interest of the children to remain with the father. There is evidence to the effect, and the court found, that appellant is not as excessive in her drinking as she was at the time of her divorce, but that she still occasionally purchases intoxicating liquor and that she has one or more drinks a week.

Admittedly, there was some change of condition shown by the evidence and found by the court. However, even if the change of condition should be held to establish, as appellant urges, that she is now a fit and proper person to have custody of her children, this does not as a matter of law entitle her to custody. Appellant's point urging this contention is overruled. Almost the identical question was decided contrary to appellant's contention in Taylor v. Meek, Tex., 276 S.W.2d 787, 790.

The question of whether a change of condition warrants a change of custody is within the discretion of the trial court to be determined in the light of all the circumstances in evidence. The best interest of the children as shown by the evidence is the controlling consideration. In Taylor v. Meek, supra, Judge Wilson, speaking for the Supreme Court, states:

"In determining the question of the child's best interest, there is this difference between the first award of custody and a change of custody. Because a change of custody disrupts the child's living arrangements and the channels of the child's affection, a change should be ordered only when the trial court is convinced that the change is to be a positive improvement for the child."

The facts and circumstances of this case do not show that a change of custody would be a positive improvement for the children here involved. The evidence does not show an abuse of discretion by the trial court. Appellant's point urging this contention is overruled. See also In re Belcher, Tex., 289 S.W.2d 915 and other cases cited therein.

The judgment of the trial court is affirmed.