**Dean MEUCCI, Appellant,**

v.

**Patricia MEUCCI, Appellee.**

No. 4385.

Court of Civil Appeals of Texas,
Eastland.

April 10, 1970.

Rehearing Denied April 24, 1970.

Scarborough, Black, Tarpley & Scarborough, Frank Scarborough, Abilene, for appellant.

Bradbury, Tippen & Cross, Jim Cross, Abilene, for appellee.

WALTER, Justice.

This is a child custody case. On June 18, 1969, the temporary custody of the four children of Dean Meucci and Patricia Meucci was awarded to the father by an Illinois court, which was later made permanent. Thereafter, in violation of such order, the mother brought the children to Texas. The childrens' ages range from about three to nine. The father filed an application for a Writ of Habeas Corpus in the Court of Domestic Relations in Taylor County. A jury found material changed conditions which required a change of custody to the mother. Judgment was rendered in favor of the mother and the father has appealed.

In support of his point that there were no pleadings to support the submission of the issue on changed conditions, the appellant cites Laas v. Seidel, 95 Tex. 442, 67 S.W. 1015 (1902). Seidel stands for the proposition that "If a fact necessary to be proved to sustain a recovery on the part of the plaintiff be neither alleged in the petition, nor fairly inferable from facts alleged, a demurrer to the petition must be sustained." Since the general demurrer was abolished by Rule 90 of Texas Rules of Civil Procedure, the Supreme Court in Leithold v. Plass, 413 S.W.2d 698 (1967) said:

"* * * Technical rules of practice and pleadings are of little importance in determining issues concerning the custody of children. Conley v. St. Jacques, 110 S.W.2d 1238, 1242 (Tex.Civ.App.— Amarillo 1937, writ dism'd); Williams v. Guynes, 97 S.W.2d 988 (Tex.Civ.App.— El Paso 1936, no writ). It is beside the point that in the instant proceeding the trial court, whether erroneously or not, construed the pleadings of petitioner as seeking only a modification of visitation rights; the point is that once the child is brought under its jurisdiction by suit and

pleading cast in terms of custody and control, it becomes the duty of the court in the exercise of its equitable powers to make proper disposition of all matters comprehended thereby in a manner supported by the evidence."

Appellant contends there was no evidence of changed conditions and one of the cases he relies on is Bukovich v. Bukovich, 399 S.W.2d 528 (Sup.Ct., 1966). The Supreme Court in Bukovich said:

"The courts of Texas will give full faith and credit to a child custody decree of a sister state and will not order a change of custody in the absence of proof of a subsequent material change of conditions. Short v. Short, 163 Tex. 287, 354 S.W.2d 933; Wicks v. Cox, 146 Tex. 489, 208 S.W.2d 876, 4 A.L.R.2d 1; Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1293. However, proof of a material change of conditions since the decree of the sister state will support a change of custody if such would be for the best interest of the child."

What material change in conditions have accrued which would be for the best interest of the children since the decree of the Illinois Court?

The father testified that before the mother brought the children to Texas, they were sleeping at his mothers and he was staying with his aunt and uncle and he was looking after the children at times; that he has provided no support for the children since the mother took them and that he has the childrens' clothes. When asked what provisions do you have for the children, he said he was in the process of hiring a girl from Switzerland and if this fails he will have a nurse take care of them with his mother's help. He further testified that at the hearing in the Illinois court when he was granted custody of the children, it was his position that his wife was emotionally and mentally incapable of caring for the children and was mentally unsound. In the instant trial he was asked:

Q. And it is your—And it still is your opinion that your wife is mentally unsound; is that correct, sir?" and he answered:

"A. I have no way of telling. I feel that—Yes, from her actions."

The father testified there was no provision in the Illinois judgment for the mother to visit the children and he thought it should be amended giving her such right.

The childrens' school teachers, neighbors and a medical doctor testified to the effect that the mother was now gainfully employed and has been fully restored to competency and is now under no mental disability.

The father took the position in the Illinois Court that the mother was mentally unsound and was unfit to have custody of their children. The Illinois judgment recites that the mother is unfit. The father takes the position in this case that the mother is mentally unsound. It is clear by the terms of the Illinois judgment and the testimony of the father that custody was denied to the mother on account of her mental condition. From the evidence in this case, it is clear that this disability no longer exists. We hold that the changed condition in the mental status of the mother since the former trial is a material change in conditions affecting the welfare of the children. The evidence supports the conclusion that the mother is now a proper person to have custody of her children.

We have considered all of appellant's points and find no merit in them.

The judgment is affirmed.