Dean **MEUCCI**, Petitioner,

v.

Patricia **MEUCCI**, Respondent.

No. B–2160.

Supreme Court of Texas.

July 22, 1970.

Scarborough, Black, Tarpley & Scarborough, Frank Scarborough, Abilene, for petitioner.

Bradbury, Tippen & Cross, Jim M. Cross, Abilene, for respondent.

PER CURIAM.

Dean Meucci obtained a judgment of divorce from Patricia Meucci in Illinois on September 8, 1969. Illinois was the legal domicile of the parties. Both were represented by counsel before the Illinois court. That judgment found Patricia Meucci guilty of adultery and unfit to have care and custody of their four children (ages two to eight), and it awarded custody to the father, Dean Meucci. Though temporary custody of the children had been on June 18, 1969, awarded to the father and the mother had been enjoined from removing the children from Illinois during the pendency of the suit, she violated the order and carried the children to Texas. The final judgment ordered her to return the children to Illinois and to proceed only in Illinois courts in any matter relating to child custody.

Patricia Meucci ignored the orders of the Illinois court, and the father filed an application for writ of habeas corpus in Taylor County, Texas, on October 6, 1969. The mother brought a cross-action for change of custody, which pleading failed to allege a material change of circumstances following the date of the Illinois judgment.

A jury heard evidence on October 20 and found that there had occurred "such a material change of conditions that the best interest of said minor children require a change of custody to their mother." The trial court gave custody to the mother, ordered the father to pay child support, and ordered that if he should see that the Illinois decree were modified to accord with the Texas order, he would be given certain visitation rights. The court of civil appeals affirmed. 454 S.W.2d 222.

Most of the testimony on October 20 went behind the Illinois judgment on the question of that custody which would be in the best interest of the children. Four neighbors of the mother testified, together with the doctor and teacher of the children, and these witnesses said that the mother had appeared emotionally and mentally stable since moving to Abilene in July of 1969.

There is no testimony in this record of a material change of conditions affecting these parties and their custody of the children between September 8, 1969, and October 6, 1969. The decision of the court of civil appeals is in conflict with the opinion of this court in Bukovich v. Bukovich, 399 S.W.2d 528 (1966), and the judgment below is reversed pursuant to Rule 483, Texas Rules of Civil Procedure. Judgment is here rendered that custody of Victoria Meucci, Venette Meucci, Dean Meucci and Vincent Meucci is vested in Dean Meucci by virtue of and in accordance with, the judgment of the Circuit Court of Cook County, Illinois, dated September 8, 1969, in cause No. 69 D 11051, entitled Dean Meucci v. Patricia Meucci. It is further ordered that the Judge of the Domestic Relations Court of Taylor County, Texas, issue a warrant to the Sheriff of Taylor County, Texas, to take and bring said children, Victoria Meucci, Venette Meucci, Dean Meucci and Vincent Meucci, and each of them, should they or either of them be found within the state, before said Judge to be placed by his order in the custody of their father, Dean Meucci. No motion for rehearing may be filed in this cause.