**Pat S. HOLLOWAY, Appellant,**

v.

**Linda Wickett ALLISON, Appellee.**

**No. 694.**

Court of Civil Appeals of Texas, Tyler.

**May 3, 1973.**

Pat S. Holloway, Dallas, for appellant.

Cecil L. Woodgate of Andress, Woodgate & Lodewick, Dallas, for appellee.

DUNAGAN, Chief Justice.

This is a suit to change custody filed by the appellant, Pat S. Holloway. It was tried before the court without a jury. The court rendered judgment denying the petition for change of custody. Thereafter appellant Holloway requested findings of fact and conclusions of law and in response thereto the court filed seventeen detailed findings of fact, concluding as a matter of law that Holloway had failed to establish facts showing any material change sufficient to authorize the court, in its discretion, to change custody of the minor children.

These findings of fact were not challenged by Holloway either in the court below or by any point in his brief on file in this court.

The appellant and appellee obtained a judgment of divorce on June 5, 1969, and the custody of the children here involved were awarded to the appellee.

Appellant's appeal is predicated upon one point of error. Under this point he argues "(t)he trial court held that, *as a matter of law*, there were not any material change of circumstance sufficient to authorize the court, in its discretion, to award a change of custody. The court thus did not reach or determine the question of whether or not the best interests of the child would be served by awarding the change of custody." (Emphasis theirs.) He also states in his brief that "this appeal is simply that there were established sufficient changes of circumstances to *authorize* (not require) the trial court to award the change of custody." (Emphasis theirs.) Appellant in his brief also states that he "does not contend the evidence is such that it would have been error for the trial court to determine, in the exercise of its discretionary judgment, that a change of custody would not be in the best interests of the child."

It is appellant's contention "that the evidence is such that it was error for the court to conclude that it did not have the power and authority to award a change of custody in the exercise of its discretionary authority."

Appellant further argues that the changes of conditions which he has shown constitute such changes as "to require the trial court to make a determination of whether or not the best interests of the child would be served by awarding a change of custody."

The difference between a first award of custody and change of custody becomes important in determining what legal principles should determine the court's decision. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787, 790 (1955).

■ A person seeking to change the custody of children has the burden to prove that conditions have so changed to leave the custody of the child or children as previously adjudicated would be injurious to the welfare of the child and requires that such custody be changed. Lewis v. Cushing, 444 S.W.2d 815, 818 (Tex. Civ.App., Beaumont, 1969, n. w. h.); Heiskell v. Heiskell, 412 S.W.2d 774, 776 (Tex.Civ.App., Amarillo, 1967, n. w. h.); Short v. Short, 163 Tex. 287, 354 S.W.2d 933 (1962); Paynter v. Janca, 331 S.W.2d 814 (Tex.Civ.App., San Antonio, 1960, n. w. h.); 20 Tex.Jur.2d sec. 370, p. 691.

■ Although a change of conditions since the original award of custody is necessary in order to secure a change of custody, the fact that there has been a change does not necessarily compel the court to make a change of custody. We recognize the well-settled rule of law that in modifying a custody judgment the trial court should be governed by what will be to the best interest and welfare of the minor children, but it is equally as well settled that such modification must be based upon changed conditions. Pearson v. Pearson, 195 S.W.2d 188, 193 (Tex.Civ.App., San Antonio, 1946, writ ref., n. r. e.). Therefore, the trial court would reach the question of whether or not the best interest of the minor children would be served by a change of custody, only upon appellant establishing by legal and competent evidence that there were materially changed conditions as to warrant, authorize or require any change of custody. Paynter v. Janca, supra. It was appellant's burden to offer proof and secure an affirmative finding that conditions have so changed since the prior adjudication as to require a change of custody. Pearson v. Pearson, supra. The trial court concluded, as a matter of law, that appellant failed to show any material change sufficient to authorize the court, in its discretion, to change custody of the minor children. The trial court's legal conclusion that appellant failed to show by legal and competent evidence such change of conditions as to authorize a change of custody, certainly then would amount to a conclusion that the evidence was not such as to require a change of custody. Hence, we consider this to be the effect of the court's legal conclusion and judgment. The court, in exercise of a sound discretion, must decide for itself whether the change warrants, authorizes or requires a change of custody. Simmons v. Hitchcock, 283 S.W.2d 84 (Tex.Civ.App., El Paso, 1955, n. w. h.). Thus, the fact that there has been some change in conditions and that the parent seeking a change of custody has become a fit and proper person to have custody does not, as a matter of law, entitle him to custody. Box v. Box, 292 S.W.2d 161 (Tex.Civ.App., Eastland, 1956, n. w. h.).

The court found there was a change of conditions that (1) there was evidence and testimony to the effect that appellant has established a home with adequate living facilities and recreational facilities to accommodate the minor children, (2) the children were living in Montgomery, Alabama with appellee and her husband who were temporarily residing in said city, and (3) there was testimony that appellant would

"be an affectionate father who would be a proper custodian of his minor children" and he was not an unfit person to have custody of said children.

 Not every change of conditions occurring since a judgment of divorce adjudicating the custody of children is sufficient grounds to require or authorize a change of custody of the children. Short v. Short, supra. The change of conditions must be a material one to *authorize* a change of custody. Campbell v. Campbell, 477 S.W.2d 376, 378 (Tex.Civ.App., Amarillo, 1972, n. w. h.); Knowles v. Grimes, 437 S.W.2d 816 (Tex.1969). The law "will not permit a change of custody, once judicially determined, except upon a showing of materially changed conditions * * * and will not *require* it, even then, unless denying it would constitute an abuse of discretion by the trial judge." (Emphasis theirs.) Mumma v. Aguirre, 364 S.W.2d 220 (Tex.1963). Therefore if it were concluded that appellant established materially changed conditions, whether or not such change warrants or authorizes a change of custody is a matter within the sound discretion of the trial court and his judgment will not be disturbed on appeal unless an abuse thereof appears from the great preponderance of the evidence. Hightower v. Nocedal, 429 S.W.2d 657 (Tex.Civ.App., Houston (14th District) 1968, n. w. h.); Sanders v. Peacock, 288 S.W.2d 548 (Tex. Civ.App., Fort Worth, 1956, n. w. h.); Son v. McConnell, 228 S.W.2d 290, 292 (Tex. Civ.App., El Paso, 1950, writ ref.). The record in this case does not show that the court abused its discretion in refusing appellant's petition for a change of custody.

 Where the trial court makes and files findings of fact which are supported by the evidence, such findings are binding upon the appellate court. Scozzari v. Curtis, 398 S.W.2d 819 (Tex.Civ.App., Ft. Worth, 1966, n. w. h.); Campbell v. Swinney, 328 S.W.2d 330, 334 (Tex.Civ.App., Dallas, 1959, writ ref., n. r. e.) and Rodriguez v. Garcia, 309 S.W.2d 509 (Tex.Civ. App., San Antonio, 1958, n. w. h.).

 From an examination of the record, we have concluded that the evidence supports the trial court's finding and conclusion of law that plaintiff failed to show any material change, as a matter of law, to authorize the court in its discretion, to change custody of the minor children.

The appellant having wholly failed to show any change of conditions such as would require or authorize a change in the original decree, the trial court did not abuse its discretion in refusing to order a change of custody of the minor children. Paynter v. Janca, supra.

From what we have stated it follows that the trial court judgment should be and is affirmed.

Judgment affirmed.