Wiley CLEWIS, Appellant,

v.

Mary L. CLEWIS, Appellee.

No. 802.

Court of Civil Appeals of Texas, Tyler.

Feb. 6, 1975.

Henry Schwartz II, Tyler, for appellant.

McKAY, Justice.

Appellant, Wiley Clewis, brought this action to amend, modify and supplement the

child support provision of a final judgment of divorce granted the appellee, Mary L. Clewis, on October 12, 1970. Upon a hearing held before the Court of Domestic Relations of Smith County, Texas, the appellee filed a motion to dismiss the cause for lack of jurisdiction. Following the submission of briefs by both parties, appellee's motion was sustained and an order of dismissal was entered. From this order appellant appeals. We reverse and remand.

On October 12, 1970, the Court of Domestic Relations of Smith County, Texas, entered a judgment of divorce between the appellant and the appellee. A division of the community property was included in the judgment as was a provision for the support and custody of the only child of the marriage, Chalendria Ann Clewis. It was ordered that Chalendria remain in the custody of her mother, the appellee, and that in lieu of a direct support payment, the appellant was to pay a $105 a month house payment on the home of the parties. The house was awarded to appellee for her sole use and possession. Such payments were to be paid " * * * until said child shall have reached her 18th birthday, with a violation thereof by default in such payment, if any, and other change of condition being subject to further order of the Court."

Appellant, alleging change of condition, filed this motion in October, 1972, to amend, modify and supplement the foregoing provision of the divorce judgment. In his motion to modify, appellant alleged that the order of October, 1970, made no provision for the repair and upkeep of the house and that the premises had become in a run-down and deteriorated condition, all to the economic loss of both parties. Appellant further alleged that although the original order had stated that the house was to be used solely by appellee and Chalendria, that the appellee did allow other persons to move into and become occupants of the premises. Appellant also contended that the income of Mary Clewis had materially increased since the October, 1970 judgment.

As a result of these allegations, it was appellant's prayer that the October, 1970 judgment be amended or changed to (1) allow for the sale of the house and lot with both parties to share in any gains or losses; (2) to allow appellant to pay the sum of $54 a month for the support of Chalendria Clewis until she reaches her 18th birthday, and (3) to allow appellant to any deduction allowable under Section 151, Internal Revenue Code of 1954 as such statute may from time to time be amended, or under any successor thereto.

In her motion to dismiss, appellee contended that the changes sought by appellant were presented in a form in the nature of a bill of review and that because the instruments were unsworn and unverified, they could not be considered by the court. While this is unquestionably a correct rule of law, McCann v. Ward County, 423 S.W.2d 339 (Tex.Civ.App.—El Paso, 1968, n. r. e.), it is also true that the purpose of a bill of review is to secure a review and a reversal of a former decree or judgment of a court. Carnes v. Kay, 210 S.W.2d 882 (Tex.Civ.App.—Amarillo, 1948, no writ). However, in this case the appellant only sought to change or modify a former judgment of the court concerning child support.

Appellant sought a change in the original judgment to allow for the sale of the home at 1326 North Confederate. The judgment recites that appellant was to pay the purchase money note due and owing on the house and property, "in lieu of child support for Chalendria Ann Clewis, until said child shall have reached her 18th birthday * * *." It is apparent that the property is an integral part of the child support consideration. After the house is sold, appellant seeks to pay $54 a month for child support, an amount equal to roughly half of his previous payments.

It is firmly established that the court which awarded the divorce has the exclusive jurisdiction to alter, change or suspend the order requiring either or both

parents to support their minor children. Boney v. Boney, 458 S.W.2d 907 (Tex. 1970); Ex Parte Mullins, 414 S.W.2d 455 (Tex.1967); Ex Parte Webb, 153 Tex. 234, 266 S.W.2d 855 (1954). These cases are concerned with an interpretation of Art. 4639a, Vernon's Ann.Texas Civ.St. Art. 4639a has since been repealed by the Legislature and replaced, as of January 1, 1974, with Title 2 of the Family Code, V. A.T.S. However, because this action to amend the order of October, 1970, was commenced before January 1, 1974, it must be governed by the statute in effect at the time of its commencement. See Curtis v. Gibbs, 511 S.W.2d 263 (Tex.1974).

We think the record clearly indicates that appellant's motion directly concerns the child support of Chalendria Ann Clewis and comes under the continuing jurisdiction of the court that granted the parties' divorce and ordered the child support payments on the house. Therefore, the court erred in dismissing the case for lack of jurisdiction and the judgment should be reversed with the cause remanded to the trial court for trial on the merits.

Judgment reversed and remanded.