Sandra PENSHORN, Appellant,

v.

Jimmie PENSHORN, Appellee.

No. 15445.

Court of Civil Appeals of Texas, San Antonio.

Sept. 10, 1975.

Rehearing Denied Oct. 1, 1975.

Pat Maloney, San Antonio, for appellant.

Kirk Patterson, Mitchell & Stewart, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant, the mother of the two-year-old minor child involved herein, has perfected her appeal from an order denying her motion to modify a divorce decree with regard to custody of the minor child.

Appellant and appellee were divorced on April 25, 1974. The decree appointed appellee, the father of the child, as managing conservator and appellant as possessory conservator. Appellant was not present or represented by counsel at the divorce hearing, but had waived citation and entered her appearance by a sworn waiver.

On January 15, 1975, appellant filed a motion to modify the decree so that she would be managing conservator of the child. A full hearing was had before the court on February 7, 1975, and at the conclusion of same, appellant's motion was denied. The trial court found that there had been no material or substantial change in circumstances or conditions of the minor child since entry of the divorce decree and that the best interests of the minor child would be served by leaving him with appellee as managing conservator.

Appellant urges four points of error on this appeal: (1) the trial court erred in not appointing a Guardian ad Litem to represent the minor child at the divorce hearing; (2) the trial court erred in not appointing a Guardian ad Litem to represent appellant at the divorce hearing; (3) the trial court erred in not requiring a written agreement concerning the custody of the minor child; and (4) the trial court erred in not appointing appellant as managing conservator.

■ Article 14.08, Tex.Family Code Ann. (1975), requires a finding "that the circumstances of the child have materially and substantially changed and that modification is in the best interest of the child" as a predicate for modifying an order of the court providing for managing conservatorship of a child. See also: *Meucci v. Meucci*, 457 S.W.2d 48 (Tex.1970); *Holloway v. Allison*, 494 S.W.2d 612 (Tex.Civ.App.—Tyler 1973, no writ); *Canavespe v. Havins*, 478 S.W.2d 166 (Tex.Civ.App.—Fort Worth 1972, no writ).

■ Appellant has no point challenging the trial court's findings that there had been no material or substantial change in circumstances or conditions of the minor child after entry of the divorce decree and that the best interests of the minor child would be served by denying the motion for modification of the original decree. It is therefore unnecessary to consider the evidence in support of these findings. All of appellant's points relate to errors allegedly occurring at the divorce trial. Therefore, nothing would be gained by a consideration of these points at this time.[1]

The judgment of the trial court denying appellant's motion to modify the original divorce decree is affirmed.

---

1. Appellant has filed a Bill of Review wherein she challenges the validity of the divorce decree, but that cause is not before us.