In the Interest of Janice Jean
ANGLIN, a minor.

No. 19000.

Court of Civil Appeals of Texas,
Dallas.

Oct. 7, 1976.

928

Hugh O. Mussina, Dallas, for appellant.

Charles Wilson, III, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Ronald O. Anglin appeals from an order of the domestic relations court of Dallas County, Texas, in a suit to modify the parent-child relationship of Janice Jean Anglin, a minor. The order directs that Bonnie Jean Moss, the minor's natural mother and appellee herein, become the managing conservator of the minor with the appellant father becoming the possessory conservator. Appellant's appeal is based on the grounds that: (1) There is no finding nor any evidence to show a material and substantial change in the circumstances of the minor child which would justify a change of custody and, therefore, the trial court committed fundamental error in ordering such change; (2) the trial court erred by applying the wrong legal standard under Tex.Family Code Ann. § 14.08 (Vernon 1975);[1] (3) the findings of fact by the trial court are ambiguous in that they do not state a change of condition or indicate whether an alleged change was for the better or for the worse; (4) the pleadings do not allege that circumstances of the child have materially and substantially changed since the entry of the child custody order sought to be modified; and (5) there is no evidence to support the findings of fact of the trial court. We hold that the only contention with merit concerns the application of the wrong legal standard under the statute, but such error

is harmless since the same result follows when the correct standard is applied. Accordingly, we overrule all of appellant's contentions and affirm the trial court's judgment.

During the nonjury trial the court heard evidence and reviewed a social study prepared by the chief probation officer of Dallas County. The following material testimony was presented. Ronald O. Anglin and Bonnie Jean Moss were divorced on December 13, 1969. The custody of both minor children of the marriage, Janice Jean Anglin and Michelle Marie Anglin, was placed with the natural mother, appellee herein. On May 5, 1972, pursuant to Ronald O. Anglin's motion to modify child custody, he was awarded custody of both the children. The younger child, Janice, began living with her father while the older daughter, Michelle, who was then approximately fifteen years of age, did not do so. When Michelle was sixteen years old, she married a young man with the permission of her mother. Sometime thereafter, when she was eighteen years of age, she ceased living with her husband and began living with her father.

Janice, who is now ten years of age, is legally blind in one eye and has poor vision in the other eye. The appellant father is not married and presently lives with Janice and Michelle. Michelle supplies approximately one-half of the supervision, control and management of Janice. She has also played an active role in supplying her younger sister's hygenic and nutritional care which would normally be afforded by a parent. Appellant works five to six days a week and picks Janice up after school each evening on school days about six o'clock p. m. In the interim period from the end of school until six o'clock, Janice is traded between the homes of different school friends for the purpose of supervision. Appellant drinks liquor daily in the presence of

---

1. This section of the Family Code was amended by the legislature with an effective date of September 1, 1975. Since this suit was commenced on November 27, 1974, the statute must be applied as it was written prior to the amendment. *Clewis v. Clewis,* 519 S.W.2d 274, 276 (Tex.Civ.App.—Tyler 1975, no writ). Consequently, the citation to the statute reflects its status as of November 1974.

Janice, who said that her father drinks to excess. Michelle testified that prior to living with her father, she noticed during her visits that Janice did not have an adequate diet, did not have sufficiently clean clothes, and did not practice good hygenic habits. She also testified that she had seen bugs, which she thought to be cockroaches, on the premises. Michelle's testimony is that she plans to be married and to move to another city with her husband.

Appellee mother testified that since the last change of custody order, she has remarried and has established a stable home life. She testified that she and her husband have moved from their apartment and purchased a house. She said that since the previous change of custody, she has controlled her alcoholic problem which was the basis of the first custody change order and is now a regular member of Alcoholics Anonymous. She has secured gainful employment, but such work would not interfere with her being home with Janice when she is out of school. She said that she sought custody of Janice because she believed that Janice was not receiving proper medical care, a sufficient diet and parental supervision. The husband of the appellee testified that he enjoyed a good father-daughter relationship with Janice and that he is gainfully employed as a professional photographer. The trial court interviewed Janice in chambers and her recorded testimony reveals a definite desire on her part to live with her mother and not with her father.

On December 18, 1975, the trial court entered a judgment appointing the appellee mother to be managing conservator of the minor. The court, upon request of appellant father, filed findings of fact and conclusions of law.

■ In reviewing appellant's "no evidence" points concerning the findings of fact, we must determine if there is any evidence of probative force to support such findings by giving credence only to the evidence favorable to them and disregarding all evidence to the contrary. Moreover, the findings of fact and conclusions of law will be construed together; and if the findings of fact are susceptible of different constructions, they will be construed, if possible, to be in harmony with the judgment and to support it. *Brown v. Frontier Theatres, Inc.,* 369 S.W.2d 299, 301 (Tex.1963); *Heard v. City of Dallas,* 456 S.W.2d 440, 443 (Tex.Civ.App.—Dallas 1970, writ ref'd n. r. e.).

■ A review of the record reveals that there is some evidence of probative force to support all of the material findings made by the trial court and we, therefore, overrule appellant's "no evidence" points. The trial court found that the appellee mother had an alcoholic problem of long standing which deteriorated to the status of severe mental disturbance by May of 1972 and that she sought and obtained medical treatment for such problem which had resulted in her obtaining a full recovery from the mental disturbance. This finding is supported by evidence from appellee who testified to these facts and also testified that she had become a member of Alcoholics Anonymous and this experience had helped her with her drinking problem which had previously caused her mental disturbances. From the record it would seem evident that appellee mother had not consumed liquor since May of 1972.

■ The trial court further found that appellee mother is remarried, has a stable home atmosphere and ideal surroundings for the rearing of a teenage female child and presents an environment vastly superior to the home life and environment of appellant father. There is also evidence to support this finding. Appellee testified that she married her present husband some two years before and recently moved from an apartment to a house which they had purchased. She and her husband have attempted to remodel the house and prepare a good home. Other testimony reveals that appellant because of his working hours is unable to supervise the child until six o'clock in the evening thereby requiring the child to stay with different friends and

their parents for adequate supervision from the end of the school day until that time. Appellant himself testified that he drank around the child a majority of the time when he was home. The older daughter, Michelle, testified that she contributed a substantial amount of time to the supervision of Janice but that she was in the process of marrying and would leave the household soon. She recommended that custody of the child be awarded to the appellee mother.

█ The court further found that the effect of the circumstances giving rise to the transfer of custody in 1972 was a transitory condition which no longer exists. The record supports this finding. There is some evidence to show that whatever drinking and mental problems appellee suffered at the time of the 1972 child custody order such conditions have changed for the better and that such problems no longer exist. Appellant argues that since the 1972 order does not reveal the reason why it was entered thereby changing the custody of the child, such finding is without support in the evidence. While appellant may be technically correct, the ultimate decision of the trial court is not affected because such finding is immaterial and is not necessary to support the judgment in view of the other finding, supported by evidence, that appellee has made a full recovery and is now mentally capable of becoming the managing conservator.

█ Appellant also argues that the trial court committed fundamental error in entering an order directing the change of custody for the reason that there is no finding of fact to indicate what circumstances have materially and substantially changed since the last preceding adjudication of the custody. He also complains that the court's findings of fact are ambiguous. Appellant requested the trial court to make and file findings of fact and after receiving them did not request additional findings nor did he object to those findings made by the court. Under these circumstances he is bound in his appeal by the court's findings. The court of civil appeals must presume that the evidence supports the express findings made by the trial court and any omitted findings necessary to support the judgment which concern unrequested elements of a theory of recovery or defense when the trial court has found one or more elements supporting that theory. Tex.R.Civ.P. 299; *Bednarz v. State,* 142 Tex. 138, 176 S.W.2d 562, 563 (1943); and *Wisdom v. Smith,* 146 Tex. 420, 209 S.W.2d 164, 166–67 (1948).

The trial court found that there had been a change of condition with respect to the appellant's father since the time of the original custody change order and made the following conclusions of law:

(1) I conclude, as a matter of law that the overriding consideration in all child custody matters is "the best interests of the child or children involved," and that all rules of law enunciated by the cases are directed toward achieving that end.

(2) I conclude, as a matter of law, that although ordinarily the "material change of conditions" to be inquired into primarily concerns the custodial parent, that there is an exception to that rule where custody has been divested because of a transitory condition of the non-custodial parent which has resulted in loss of custody by the non-custodial parent in a prior proceeding.

(3) I conclude, as a matter of law, that the change of condition of the custodial parent here (respondent) has not been of such magnitude as to constitute a "material change of condition," and would not ordinarily justify a transfer of custody. Adding thereto the findings with reference to the cause of the initial transfer of custody and the improvement in the conditions with respect to the noncustodial parent, even above that which existed at the time of the original divorce, justifies the change ordered.

(4) I conclude that the natural mother (petitioner) should be made managing conservator of the child made the subject of this proceeding.

Appellant argues that such conclusions of law are fundamentally erroneous for the reason that appellee mother failed to establish any predicate for the change in custody as required by Tex.Family Code Ann. § 14.-08 (Vernon 1975) as it existed at the time of the hearing and which required a finding that the circumstances of the child have materially and substantially changed and that modification is in the best interests of the child as a predicate for modifying an order of the court providing for managing conservatorship. While we agree with appellant that the test set forth in the conclusions of law made by the trial court is not a proper test under the Family Code, under the facts of this case an application of the correct test, in light of the record made, would result in the same conclusions and results and, therefore, the trial court's error is not, in our opinion, an error which caused the rendition of an improper judgment denying appellant's right and requiring a reversal of the judgment under Tex.R.Civ.P. 434.

■ The legal standards in this area of family law have been developed to prohibit continuous litigation which has the effect of creating an unstable and emotionally disturbing environment during the child's formative years. Therefore, a party seeking to change the custody of his children has the burden of proving that conditions have so materially changed since the divorce decree that to leave the custody with the other party would be injurious to the welfare of the children. *Wilkinson v. Evans,* 515 S.W.2d 734, 738 (Tex.Civ.App.— Dallas 1974, writ ref'd n. r. e.). Since the public policy requires a high degree of stability provided to the child in its home and surroundings, there must be a showing of a material change of conditions to authorize any change of custody by the trial court. *Taylor v. Meek,* 154 Tex. 305, 276 S.W.2d 787, 790 (Tex.1955); *Short v. Short,* 163 Tex. 287, 354 S.W.2d 933, 936 (Tex.1962); *Mumma v. Aguirre,* 364 S.W.2d 220 (Tex. 1963); *Love v. Love,* 461 S.W.2d 437, 438 (Tex.Civ.App.—Waco 1970, writ ref'd n. r.

e.); and *Holloway v. Allison,* 494 S.W.2d 612 (Tex.Civ.App.—Tyler 1973, no writ).

■ Appellant relies upon the theory that in a change of custody action, the court should consider only material changes of condition involving the custodial parent. To support this contention he cites *In re Y,* 516 S.W.2d 199, 203 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.) which cites Justice Smith's views and his concurring opinion in *Bukovich v. Bukovich,* 399 S.W.2d 528, 530 (Tex.1966). Other cases in this jurisdiction hold that a change of the noncustodial parent's condition may be enough to justify a change of custody. *Boyd v. Boyd,* 157 S.W. 254, 256 (Tex.Civ. App.—Texarkana 1913, no writ); *Andrews v. Warren,* 439 S.W.2d 872 (Tex.Civ.App.— Beaumont 1969, writ ref'd n. r. e.). However, even if the proposition enunciated in *In re Y* is correct, the result herein would be the same since there is sufficient testimony concerning a change in both the appellant's and appellee's circumstances. The trial court determined in its findings of fact that there had been a change of condition with respect to the appellant but that it was a question of degree rather than a new or different condition. When applying the law to this finding the court concluded that since it was not a different condition, it was immaterial. We do not agree with the trial court's interpretation that a different condition is required. The change of condition in degree is sufficient to justify a change in the child's custody if it is a material change of condition. We conclude that the change in the appellant's condition is material and it justifies the trial court's order.

■ In June 1972, the trial court ordered the custody of both minor children to be given to the appellant, father. At that time the older child, Michelle, was approximately fifteen years of age and was old enough to aid in the care of the younger sister, Janice. The record is undisputed that Michelle has provided a significant portion of the supervision and care of the sister, Janice, but that she now, having reached the age of maturity, is about to

marry and move from the household. We agree with the trial court that this evidence, in itself, is a change of appellant's circumstances which directly affect the minor child. Also, we believe that this change in circumstances is material to the welfare and being of the minor child. Consequently, this is a material change of circumstances affecting the child insofar as appellant and his household are concerned so that the requirements of the Family Code are complied with.

Adequate testimony was presented at the hearing showing a material change in the conditions affecting the appellee and her household. When considering the noncustodial parent's changes of circumstances courts have required significant changes which would benefit the child to overcome the presumption that stability within the home is paramount. A reduction in the use of alcohol alone has been held not to be a material change in condition. *Box v. Box,* 292 S.W.2d 161, 164 (Tex.Civ.App.—Eastland 1956, no writ). However, it has been held that a change of a noncustodial parent's condition which allows her to spend full time with the child is a material change in condition if it has taken place after the previous order directing custody. This would be an increasingly important change when the mother has entered into a new marriage which has been shown to be stable and would establish a good environment for the child by allowing the mother to devote her energy to care for the child. *Canavespe v. Havins,* 478 S.W.2d 166, 171 (Tex.Civ. App.—Fort Worth 1972, no writ). In a very recent case a situation was reviewed where the custodial father, who lived with the mother at the time of the previous custody order thereby allowing adequate supervision for the child, moved away from his mother and was attempting to supervise the child as well as work full time. This, combined with the fact that the noncustodial parent corrected all nervous disorders existing at the time of the prior order, remarried and established a home with a husband who was financially able to care for the child and who loved the child, justified the court in granting a change in custo-

dy to the mother. *Thompson v. Uzell,* 541 S.W.2d 499 (Tex.Civ.App.—Tyler 1976, no writ). In view of these decisions, appellee's changes of circumstances are material and should be considered along with appellant's changes of conditions and circumstances in attempting to determine the best interests of the child as required by Tex.Family Code Ann. § 14.08 (Vernon 1975).

■ Also since Janice is ten years of age, we believe that she is old enough for the court to give some credence to her desires to live with her mother as shown by her testimony in chambers with the trial judge. Although a minor child's desires are not controlling on the court, other things being equal, they should be considered in determining the custody unless it is shown that an adverse party has purposely influenced the child's decision. *Neal v. Medcalf,* 244 S.W.2d 666, 667 (Tex.Civ.App.—El Paso 1951, no writ); *Fontaine v. Fontaine,* 325 S.W.2d 428, 431 (Tex.Civ.App.—Dallas 1959, no writ).

■ Appellant argues that the trial court erred in entering judgment directing the change of custody for the reason that there was no allegation in the appellee's pleadings that the circumstances of the child had materially and substantially changed since entry of the prior order as required by Tex.Family Code Ann. § 14.-08(a) (Vernon 1975). Appellant argues that the fact the words "concerning the child" were omitted from the petition would be fatal and would prevent the entry of an order changing custody. However, the record reveals that the appellant did not specifically except to appellee's pleadings nor did he object to testimony offered concerning the subject. In fact, appellant raises the point for the first time on appeal. Tex.R.Civ.P. 90 provides that any omission or defect of the pleadings either in form or substance must be pointed out by a motion or exception in writing and brought to the attention of the trial court in a nonjury case before the rendition of judgment. If this is not done it shall be deemed to have been waived by the parties seeking reversal. *Sherman v. Provident American Insurance*

*Co.,* 421 S.W.2d 652, 654 (Tex.1967). Moreover, technical rules of practice and pleading are of little importance in determining the issues concerning the custody of children and we do not agree that the omission of these words in the petition would be fatally defective to the petition even if a timely objection had been made. *Leithold v. Plass,* 413 S.W.2d 698, 701 (Tex.1967).

As stated by the supreme court in *Bukovich v. Bukovich,* 399 S.W.2d 528, 529 (Tex.1966), once a change of condition is shown the question then becomes whether or not a change of custody is warranted, and this is a question within the discretion of the trial court whose action will not be disturbed in the absence of an abuse of discretion. The controlling conditions, as stated by the supreme court are those changes of conditions affecting the welfare of the child, and not the desires, acts and claims of the respective parents which are secondary considerations and material only as they bear upon the question of the best interest of the child. A review of this record conclusively demonstrates that the best interests of the child involved here is for the mother to have managing conservatorship. The trial court did not abuse its discretion in granting the order.

Judgment of the trial court is affirmed.

Affirmed.